John Keith GRAY *v.* Sheila Marie GRAY

CA 99-1105                                              12 S.W.3d 648

Court of Appeals of Arkansas
Division I
Opinion delivered March 15, 2000
[Petition for rehearing denied April 19, 2000.]

*Ozark Legal Services*, by: *W. Marshall Prettyman*, for appellant.

*Dana Dean Watson*, for appellee.

JOHN B. ROBBINS, Chief Judge. Appellant John Keith Gray appeals the Washington County Chancery Court's order in which it declined to exercise jurisdiction over his petition for change of custody and contempt. Appellant and appellee Sheila Marie Gray were divorced by decree entered on April 6, 1995, in the Washington County Chancery Court. Each party took custody of one of their two children, and appellee promptly moved with the parties' daughter Joyce to Texas. This move was approved by the chancery court, provided that appellee would keep appellant informed of her address. Appellant remained in Arkansas with the parties' son, John, Jr., and was also required to keep appellee informed of his address. While each party was entitled to visitation with the child in the custody of the other party, it was not specifically scheduled. On April 16, 1998, the chancery court ordered that appellant was entitled to exercise standard visitation.

On August 20, 1998, appellant petitioned the chancery court for a change of custody and for contempt, alleging that (1) appellee had willfully failed to keep appellant informed of her whereabouts and had intentionally concealed her location; (2) although the chancery court had on April 16, 1998, ordered standard visitation for appellant with regard to his daughter, he had enjoyed no visitation due to appellee's willful failure to allow it; (3) appellee's actions constituted a material change in circumstances warranting a change of custody of their daughter to him; and (4) appellee had failed to pay monies due him pursuant to the property settlement. Contemporaneously, appellee requested, and a Texas judge granted, a restraining order to prevent appellant from attempting to take their daughter from Texas.

On May 4, 1999, the district judge in Travis County, Texas, and the chancellor in Washington County, Arkansas, conducted a telephone conference to determine which court had and should exercise jurisdiction, considering the Uniform Child Custody Jurisdiction Act, which had been enacted in both states. They decided

that Texas was the home state of the child at issue and that Texas was the proper venue and jurisdiction for this cause, and this decision was reduced to an order issued by the Washington County Chancery Court. The order also recited that the Texas court would inquire into the matter of whether it should decline jurisdiction based upon allegations of improper actions on the part of appellee. Appellant filed a motion for reconsideration of this decision and a supporting brief, to which appellee responded. The motion was denied, and this appeal followed. We affirm.

The sole issue on appeal is whether the Arkansas chancellor erred in declining to retain jurisdiction to resolve this dispute. The Uniform Child Custody Jurisdiction Act ("UCCJA") found in Ark. Code Ann. §§ 9-13-201 to -228 (Repl. 1998)[1], and the Parental Kidnapping Prevention Act ("PKPA"), found at 28 U.S.C. § 1738A (1989), govern state conflicts over child-custody jurisdiction. *Hudson v. Purifoy*, 337 Ark. 146, 986 S.W.2d 870 (1999). This includes disputes regarding visitation. *Bruner v. Tadlock*, 338 Ark. 34, 991 S.W.2d 600 (1999). Orders providing for visitation or modifying visitation come within the PKPA's definition of "custody determinations." 28 U.S.C. § 1738A(b)(3). We note that this is not a question of personal jurisdiction but one of subject-matter jurisdiction. *Moore v. Richardson*, 332 Ark. 255, 964 S.W.2d 377 (1998). Where the UCCJA and PKPA conflict, the federal law of PKPA controls. *Id.*

The purposes of the UCCJA and the PKPA have been summarized by Professor Jeff Atkinson, the author of the treatise *Modern Child Custody Practice* (1986), as follows:

> Both acts are designed to serve several purposes: to promote cooperation between states, to avoid relitigation and conflicting custody orders, to facilitate interstate enforcement of custody orders, to deter child abductions and improper retention of children, and to promote uniformity in jurisdictional laws so that custody and visitation may be determined in the state which can best decide the interest of the child.

---

[1] The current UCCJEA, enacted by the General Assembly in 1999 (approved on March 17, 1999), is not applicable because this petition for change of custody and for contempt was commenced prior to the enactment of the current law. *See* Transitional Provision, Act 668 of 1999 §406.

*Id.* at 105 (cited with approval in *Bruner, supra.*) These purposes are more explicitly stated in the UCCJA, found at Ark. Code Ann. § 9-13-201 (Repl. 1998).

It is clear that the PKPA gives preference to the state with continuing jurisdiction. *Hudson, supra*; *Perez v. Tanner*, 332 Ark. 356, 965 S.W.2d 90 (1998). The PKPA begins by reciting in the first paragraph:

> The appropriate authorities of every State shall enforce according to its terms, and shall not modify except as provided in subsection (f) of this section, any child custody determination made consistently with the provisions of this section by a court of another State.

28 U.S.C. § 1738A(a). The hierarchy of jurisdictional preferences under the PKPA is (1) continuing jurisdiction, (2) home-state jurisdiction, (3) significant-connection jurisdiction, and (4) jurisdiction when no other jurisdictional basis is available. *Murphy v. Danforth*, 323 Ark. 482, 915 S.W.2d 697 (1996); 28 U.S.C. § 1738A(c).

However, the PKPA provides:

> A court of a State may modify a determination of the custody of the same child made by a court of another State, if —
>
> (1) it has jurisdiction to make such a child custody determination; and
>
> (2) the court of the other State no longer has jurisdiction, or it has declined to exercise such jurisdiction to modify such determination.

28 U.S.C. § 1738A(f). Texas would be an appropriate court to hear this cause if (1) it had jurisdiction, and (2) the Arkansas court either no longer had jurisdiction or declined jurisdiction. It is undisputed that Texas is the current home state of the child at issue pursuant to Texas, Arkansas, and federal law. Therefore, Texas would have jurisdiction to hear this cause as a "home state." Equally undisputed is the fact that the chancellor in Arkansas specifically declined jurisdiction. "[O]ne state may assume jurisdiction and become an alternate forum where the initial state declines to exercise its jurisdiction." *Moore v. Richardson*, 332 Ark. at 265; *see also Snisky v. Whisenhunt*, 44 Ark. App. 13, 864 S.W.2d 875 (1993).

We now consider appellant's argument on appeal that the chancellor was clearly erroneous in declining jurisdiction as the original court that issued the divorce and custody decree. Appellant argues that the chancellor did not make a specific finding that Arkansas was an inconvenient forum for this controversy and that this constitutes reversible error. We disagree.

The decision of whether to decline jurisdiction is one left to the sound discretion of the chancellor. *Snisky, supra.* Our standard of review requires us to review the case de novo, but we will not reverse the chancellor unless he abused his discretion. *Gray v. Gray,* 67 Ark. App. 202, 994 S.W.2d 506 (1999); *Slusher v. Slusher,* 31 Ark. App. 28, 786 S.W.2d 843 (1990).

The PKPA recognizes that continuing jurisdiction may be declined, but it contains no suggested considerations in making such a decision. *See* 28 U.S.C. § 1738A(f)(2). The UCCJA does offer suggested considerations in Ark. Code Ann. § 9-13-207 (Repl. 1998). That section reads:

> (a) A court which has jurisdiction under this subchapter to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.

> (b) A finding of inconvenient forum may be made upon the court's own motion or upon motion of a party or a guardian ad litem or other representative of the child.

> (c) In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose, it may take into account the following factors, among others;

> (1) If another state is or recently was the child's home state;

> (2) If another state has a closer connection with the child and his family or with the child and one (1) or more of the contestants;

> (3) If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state;

> (4) If the parties have agreed on another forum which is no less appropriate; and

(5) If the exercise of jurisdiction by a court of this state would contravene any of the purposes stated in § 9-13-201.

(d) Before determining whether to decline or retain jurisdiction, the court may communicate with a court of another state and exchange information pertinent to the assumption of jurisdiction by either court, with a view to assuring that jurisdiction will be exercised by the more appropriate court and that a forum will be available to the parties.

(e) If the court finds that it is an inconvenient forum and that a court of another state is a more appropriate forum, it may dismiss the proceedings, or it may stay the proceedings upon condition that a custody proceeding be promptly commenced in another named state, or upon any other conditions which may be just and proper, including the condition that a moving party stipulate his consent and submission to the jurisdiction of the other forum.

(f) The court may decline to exercise its jurisdiction under this subchapter if a custody determination is incidental to an action for divorce or another proceeding while retaining jurisdiction over the divorce or other proceedings.

(g) If it appears to the court that it is clearly an inappropriate forum, it may require the party who commenced the proceedings to pay, in addition to the costs of the proceedings in this state, necessary travel and other expenses, including attorney's fees, incurred by other parties or their witnesses. Payment is to be made to the clerk of the court for remittance to the proper party.

(h) Upon dismissal or stay of proceedings under this section, the court shall inform the court found to be the more appropriate forum of this fact, or, if the court which would have jurisdiction in the other state is not certainly known, shall transmit the information to the court administrator or other appropriate official for forwarding to the appropriate court.

(i) Any communication received from another state informing this state of a finding of inconvenient forum because a court of this state is the more appropriate forum shall be filed in the custody registry of the appropriate court. Upon assuming jurisdiction, the court of this state shall inform the original court of this fact.

In *Snisky, supra,* an Arkansas chancellor declined to exercise continuing jurisdiction over a custody issue, deferring to a Texas court that was the current home state of the child. We found no abuse of discretion. We likewise find none in this case. In short, the chancellor exercised his discretion using the factors outlined in the

pertinent statute. The chancery court acted on its own initiative and found that it should decline jurisdiction by taking into account the fact that Texas is the home state of the child and one of the parties. Furthermore, it conferred with the other court involved. This takes into account the factors contemplated by Ark. Code Ann. § 9-13-207(c)(1) and (d). Appellant requested no hearing to present additional evidence, thus waiving his right to one. Ark. R. Civ. P. 78. Had appellant desired more specific findings of fact, he could have requested them. Ark. R. Civ. P. 52. We cannot say that the chancellor abused his discretion in this instance.

Appellant next argues that appellee should be estopped from asserting that jurisdiction lies in any court other than in Arkansas by pointing out that the decree of divorce stated generally that it retained continuing jurisdiction to resolve property and child-custody issues. We disagree with his contention. First, the provision in the decree could not reasonably be read as an agreement on the forum in the event of future litigation. *See Slusher, supra.* Furthermore, it is a matter within the discretion of the trial court as to whether it should decline to exercise its jurisdiction when there is another appropriate forum, even if both parties agree as to where they believe is the appropriate forum. *See id.*

Appellant also asserts that declining jurisdiction in favor of Texas was improper because there was no emergency situation warranting such action. However, as discussed above, there is a valid alternative basis for jurisdiction in the Texas court, which renders this point moot.

There is no conflict between federal and state law as it pertains to this dispute. Therefore, the UCCJA was properly applied. Because the chancellor was not clearly erroneous in his conclusion, we affirm.

BIRD and CRABTREE, JJ., agree.