Tommy L. GULLAHORN *v.* Gail A. GULLAHORN

CA 06-1258

260 S.W.3d 744

Court of Appeals of Arkansas
Opinion delivered August 29, 2007

*Stuart Vess*, for appellant.

*Mitchell, Blackstock, Barnes, Wagoner, Ivers and Sneddon, PLLC,* by: *Greg Alagood*, for appellee.

KAREN R. BAKER, Judge. Appellant challenges the trial court's modification of visitation asserting that the trial court erred in failing to transfer jurisdiction to the State of Texas where he and the minor child had resided since 2002. Although appellant challenged the Arkansas court's jurisdiction under the Uniform Child Custody & Jurisdiction Enforcement Act (UCCJEA) and requested a transfer to the courts of Texas, the trial court denied the request under the premise that it was compelled to retain jurisdiction as long as either party continued to live in the State of Arkansas. The trial court was wrong as a matter of law that it was required to retain jurisdiction based solely upon one parent's continued residence in the state. Applying this mistaken premise, the court erred when it failed to exercise its discretion to determine whether it should exercise, or decline to exercise, jurisdiction.

Appellant and appellee were divorced in Pulaski County in 1999 and have one child. At the time of the divorce, appellee was granted custody. Thereafter, the parties agreed that appellant would have full custody, and he and the child moved to Texas where he and the child have lived since 2002. In 2006, appellee filed for change of custody, but then withdrew her request and instead asked for an increase in visitation. After denying appellant's jurisdictional challenge, the trial court entered an order modifying visitation.

Our standard of review in this case is de novo, although we will not reverse a finding of fact by the circuit court unless it is clearly erroneous. *See Arkansas Dep't of Human Servs. v. Cox*, 349

Ark. 205, 82 S.W.3d 806 (2002). The UCCJEA is the exclusive method for determining the proper state for jurisdictional purposes in child-custody proceedings that involve other jurisdictions. *See Greenhough v. Goforth*, 354 Ark. 502, 126 S.W.3d 345 (2003). One of the purposes behind the UCCJEA is to avoid relitigation of child-custody determinations in other states. *See Arkansas Dep't of Human Servs. v. Cox, supra.* The specific section of the UCCJEA at issue in the instant case provides in pertinent part:

> (a) Except as otherwise provided in § 9-19-204, a court of this state which has made a child-custody determination consistent with § 9-19-201 or § 9-19-203 has exclusive, continuing jurisdiction over the determination until:

> (1) a court of this state determines that neither the child, nor the child and one (1) parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or

> (2) a court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state.

Ark. Code Ann. § 9-19-202(a) (Repl. 2002).

In the instant case, the divorce decree indicates that the Arkansas trial court entered the parties' initial divorce decree and award of custody. Thus, the Arkansas court had exclusive, continuing jurisdiction over the child-custody determination until the court made either of the two determinations set forth in § 9-19-202(a). *See West v. West*, 364 Ark. 73, 216 S.W.3d 557 (2005). In that context, the trial court had jurisdiction to make findings regarding the residency of the parties and whether substantial evidence regarding the best interest of the child was no longer available in this state. The allegations before the trial court indicates that factual determinations affecting the propriety of the Arkansas court's continued jurisdiction should be made. Paragraph 4 of the ex parte motion for temporary change of custody identified the residence of the father and son as McKinney, Texas. The emergency nature of the petition involved the child's psychological condition. The petition identified medical evidence available in Arkansas through the Dennis Development Center, UAMS, in Little Rock, Arkansas, in the form of an opinion based upon an

evaluation performed by a key witness in Texas. The response to the motion identified evaluations of the child conducted in Texas, and other witnesses regarding the child's behavior.

■ In its order retaining jurisdiction filed February 13, 2006, the trial court noted that it has continuing jurisdiction over the matter unless and until it was determined that there is a more appropriate forum on the basis of Arkansas being an inconvenient forum or otherwise. However, from the bench, the trial judge expressed his belief that he would be reversed if he transferred the case to Texas because the law of this state required him to retain jurisdiction as long as one parent to the divorce action and to the original custody order remains in this state. The trial court's statement of the law is incorrect. The trial court has discretion to exercise, or decline to exercise, jurisdiction and the erroneous failure of a trial court to exercise its discretion is reversible error. *Acklin v. State*, 270 Ark. 879, 606 S.W.2d 594 (1980); *Gould & Co. v. Tatum*, 21 Ark. 329 (1860). The failure to exercise its discretion resulted in no findings regarding the extent or significance of the connections with the state.

Accordingly, we reverse and remand the matter for the trial court to properly exercise its discretion in a manner not inconsistent with this opinion.

GLADWIN, BIRD, MARSHALL and MILLER, JJ., agree.

VAUGHT, J., dissents.

LARRY D. VAUGHT, Judge, dissenting. I would affirm the decision of the trial court to maintain jurisdiction of this child-custody case in Arkansas, and therefore, I dissent. The facts and applicable standard of review are set out in the majority opinion. On this issue of jurisdiction, the trial court's order of February 13, 2006, states in paragraph four that "it has continuing jurisdiction over this matter unless and until it were determined that there is a more appropriate forum on the basis of Arkansas being an inconvenient forum or otherwise." The only other holding by the court on this issue is an oral pronouncement that it did not have authority to transfer the case to another state as long as at least one parent resided in Arkansas, unless both parties agreed to the transfer. This statement is held to be an error of law by the majority, and the basis for reversal.

The applicable section of the UCCJEA is Arkansas Code Annotated section § 9-19-202, which provides, in part:

(a) Except as otherwise provided in § 9-19-204, a court of this state which has made a child–custody determination consistent with § 9-19-201 or § 9-19-203 has exclusive, continuing jurisdiction over the determination until:

> (1) a court of this state determines that neither the child, nor the child and one (1) parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or

> (2) a court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state.

The trial court ruled that under the UCCJEA it had continuing jurisdiction of the case, so long as at least one of the parents lived in Arkansas, and that it had no authority to transfer the case. While there is no further analysis by the court in the record, it appears that it was relying on subsection (a)(2) of the above statute in making the ruling. I believe the wording of that subsection supports the trial court's conclusion. The wording of subsection (a)(2) uses the conjunction "and," indicating that in order to lose its exclusive, continuing jurisdiction the trial court must determine that the child, the child's parents, *and* any person acting as a parent do not reside in the state. Because it was established that the mother resided in Arkansas, the court correctly held that Arkansas had continuing jurisdiction.

The majority relies on subsection (a)(1), holding that there are no findings to support a conclusion that there are significant connections with this state. However, even if this subsection does apply, I believe that the record in this case supports the existence of significant connections, and we may affirm under our de novo review by concluding that a preponderance of the evidence supports the conclusion. *See Hamilton v. Barrett*, 337 Ark. 460, 989 S.W.2d 520 (1999).

This case is very similar to *West v. West*, 364 Ark. 73, 216 S.W.3d 557 (2005), where our supreme court held that Arkansas retained jurisdiction even though the mother and her children had lived in Oregon the last few years. The court held that the children

had significant connections with Arkansas because the father still lived in Arkansas, and the children spent 20-25% of their time with him in Arkansas.

I would affirm under either subsection (a)(1) or (a)(2) of Arkansas Code Annotated section 9-19-202.