2011 Ark. App. 177

**Amy L. PICCIONI, Appellant**

v.

**Kevin S. PICCIONI, Appellee.**

**No. CA 10–170.**

Court of Appeals of Arkansas.

March 2, 2011.

Cecily Patterson Skarda, North Little Rock, for appellant.

Michael U. Sutterfield, Conway, for appellant.

DOUG MARTIN, Judge.

Appellant Amy Piccioni brings this appeal from an order entered by the Lonoke County Circuit Court on January 20, 2010, deferring jurisdiction to the courts in Pennsylvania, pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), and dismissing any pending matters in the courts in Arkansas. Ms. Piccioni argues on appeal that the trial court erred in deferring jurisdiction to another state and dismissing her motion to modify visitation and for ex parte emergency relief without a hearing. We affirm.

Ms. Piccioni and appellee Kevin Piccioni were married on March 14, 2003, and had one child born on July 11, 2003. In November 2006, the parties separated. In the child custody and property settlement agreement, which was incorporated into the decree of divorce entered October 11, 2007, it was agreed that Ms. Piccioni would have primary physical and legal custody of the parties' son subject to Mr. Piccioni's reasonable visitation.

On January 19, 2010, Ms. Piccioni filed a motion to modify visitation and for ex parte emergency relief in the Lonoke County Circuit Court, accompanied by her affidavit dated January 15, 2010, in which she attests that she moved to Pennsylvania with the parties' son shortly after the divorce and lived with Mr. Piccioni on a "trial basis" in an attempt to reconcile. Ms. Piccioni lived in Pennsylvania for approximately twenty months before returning to Arkansas on December 15, 2009, to spend time with her family during the Christmas holiday and for the purpose of making arrangements to move to Arkansas.

According to Ms. Piccioni's affidavit, Mr. Piccioni had become an abusive alcoholic who regularly drove his vehicle while intoxicated and, on numerous occasions, had

driven under the influence of alcohol with the parties' son in the vehicle. Ms. Piccioni asserted that Mr. Piccioni was physically, verbally, and emotionally abusive to her, and had become abusive with her in the presence of their son. On January 6, 2010, Ms. Piccioni returned to Pennsylvania and informed Mr. Piccioni that she was moving to Arkansas. According to Ms. Piccioni, Mr. Piccioni threatened her with a gun. On January 10, 2010, Ms. Piccioni's parents came to Pennsylvania to assist her in moving to Arkansas.

Ms. Piccioni also averred in the affidavit that on January 14, 2010, Mr. Piccioni's attorney in Pennsylvania notified her that an emergency motion for custody had been filed by Mr. Piccioni in Pennsylvania.

According to Ms. Piccioni's affidavit, she currently lives with her parents and minor son in Benton, Saline County, Arkansas. Ms. Piccioni states that she has obtained employment, enrolled her son in school, and intends to find a permanent home for her and the parties' son.

In her motion to modify visitation and for ex parte emergency relief, Ms. Piccioni alleged that there was a material change in circumstances constituting an emergency directly related to the health and welfare of the parties' son. Ms. Piccioni alleged that, if Mr. Piccioni were allowed to exercise his visitation rights with their son as set forth in the original child-custody agreement, the parties' son would be in imminent danger of harm, serious injury, or even death and that Mr. Piccioni was a potential flight risk given his invocation of the jurisdiction of the Pennsylvania courts. Ms. Piccioni asserted that, pursuant to the UCCJEA and the Parental Kidnapping Prevention Act of 1980 (PKPA), the Lonoke County Circuit Court has exclusive, continuing jurisdiction and that the Pennsylvania courts lack jurisdiction in this matter.

In an order entered January 20, 2010, the trial court, upon conferring with the Pennsylvania courts, deferred jurisdiction to Pennsylvania and dismissed any pending matters in Arkansas. On January 27, 2010, Ms. Piccioni filed a timely notice of appeal to this court, arguing that, pursuant to the UCCJEA and PKPA, Arkansas alone has jurisdiction in this matter.

Our standard of review is de novo, although we will not reverse a finding of fact by the circuit court unless it is clearly erroneous. *Gullahorn v. Gullahorn,* 99 Ark. App. 397, 260 S.W.3d 744 (2007). A trial court has discretion to decide whether to decline to exercise jurisdiction, and we will not reverse the court's decision absent an abuse of that discretion. *Hatfield v. Miller,* 2009 Ark. App. 832, 373 S.W.3d 366.

The UCCJEA is the exclusive method for determining the proper state for jurisdictional purposes in child-custody proceedings that involve other jurisdictions. *Gullahorn,* 99 Ark. App. at 399, 260 S.W.3d at 745. The UCCJEA sets forth jurisdictional requirements for four types of situations: (1) initial child-custody determinations; (2) continuing jurisdiction; (3) jurisdiction to modify a prior determination; and (4) temporary emergency jurisdiction. Ark.Code Ann. §§ 9–19–201 to –204 (Repl.2009). A stated purpose of the UCCJEA is to avoid relitigation of child-custody determinations in other states. *West v. West,* 364 Ark. 73, 216 S.W.3d 557 (2005).

Although the UCCJEA governs determinations of jurisdiction, the jurisdictional preferences set out in the PKPA must also be taken into consideration. *See* 28 U.S.C. § 1738A (2009). The hierarchy of jurisdictional preferences under the PKPA is (1) continuing jurisdiction; (2) home-state jurisdiction; (3) significant-con-

nection jurisdiction; and (4) jurisdiction when no other jurisdictional basis is available. 28 U.S.C. § 1738A(a); *Gray v. Gray*, 69 Ark. App. 277, 12 S.W.3d 648 (2000).

■ Pursuant to Ark.Code Ann. § 9–19–202(a), a court of this state that has made a child-custody determination has exclusive, continuing jurisdiction over the determination until:

(1) a court of this state determines that neither the child, nor the child and one (1) parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care protection, training, and personal relationships; *or*

(2) a court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state.

Ark.Code Ann. § 9–19–202(a) (emphasis added). Because the Lonoke County Circuit Court entered the initial decree of divorce, which incorporated the child-custody agreement, Arkansas had exclusive,

continuing jurisdiction until it made either of the two determinations in section 9–19–202(a). Here, the Arkansas court declined to exercise its jurisdiction.

In its order, the trial court declined to exercise jurisdiction but did not specify its basis for doing so. Upon motion of a party made not later than ten days after entry of judgment, the court may make additional findings of fact and amend the judgment accordingly. Ark. R. Civ. P. 52(b)(1). Ms. Piccioni, however, requested no such findings and thus waived her right to request specific findings of the trial court. *Gray, supra; Legate v. Passmore*, 268 Ark. 1161, 599 S.W.2d 151 (Ark.App. 1980). Where no specific findings are made, we may nevertheless conclude under our de novo review that there was evidence from which the trial court could have found that Ms. Piccioni and the parties' son did not reside in Arkansas, thus satisfying Ark.Code Ann. § 9–19–202(a)(2). *See Davis v. Sheriff*, 2009 Ark. App. 347, 308 S.W.3d 169 (concluding that there was sufficient evidence from which the trial court could have found a change in circumstances where no specific findings were made).[1] Based on Ms. Piccioni's affidavit, the trial court could have rea-

---

1. In the Uniform Law Comment section of Arkansas Code Annotated section 9–19–202, comment 2 provides:

> Continuing jurisdiction is lost when the child, the child's parents, and any person acting as a parent no longer reside in the original decree State. The exact language of subparagraph (a)(2) was the subject of considerable debate. Ultimately the Conference settled on the phrase that "a court of this State or a court of another State determines that the child, the child's parents, and any person acting as a parent do not presently reside in this State" to determine when the exclusive, continuing jurisdiction of a State ended. The phrase is meant to be identical in meaning to the language of the PKPA which provides that full faith and credit is to be given to custody determinations made by a State in the exer-

> cise of its continuing jurisdiction when that "State remains the residence of...." The phrase is also the equivalent of the language "continues to reside" which occurs in UIFSA § 205(a)(1) to determine the exclusive, continuing jurisdiction of the State that made a support order. The phrase "remains the residence of" in the PKPA has been the subject of conflicting case law. *It is the intention of this Act that paragraph (a)(2) of this section means that the named persons no longer continue to actually live within the State.* Thus, unless a modification proceeding has been commenced, when the child, the parents, and all persons acting as parents physically leave the State to live elsewhere, the exclusive, continuing jurisdiction ceases.

> (Emphasis added.)

sonably concluded that Ms. Piccioni and the parties' son do not reside in Arkansas, given that Ms. Piccioni attested that she and the parties' son were staying temporarily with her parents in Arkansas. Thus, the trial court lost its exclusive, continuing jurisdiction.

The PKPA's next preference, following continuing jurisdiction, is home-state jurisdiction. Both the UCCJEA and the PKPA define "home state" in part as the state in which a child has lived with a parent for at least six consecutive months immediately before the commencement of the child-custody proceeding. 28 U.S.C. § 1738A(b)(4); Ark.Code Ann. § 9–19–102(7) (Repl.2009).

Another state may modify a custody determination only if it has jurisdiction and the court of the other state no longer has jurisdiction or has declined to exercise jurisdiction. 28 U.S.C. § 1738A(f). A court may not modify a visitation determination made by another state unless the court of the other state no longer has jurisdiction to modify such determination or has declined to exercise jurisdiction. 28 U.S.C. § 1738A(h).

The Commonwealth of Pennsylvania's UCCJEA is similar to Arkansas's UC-CJEA. 23 Pa.C.S.A. §§ 5401 et seq. (2010). Section 5423 provides that the Commonwealth may not modify a child-custody determination made by a court of another state unless the Commonwealth has jurisdiction to make an initial determination under section 5421(A)(1) or (2):

> (1) the court of the other state determines it no longer has exclusive, continuing jurisdiction under section 5422 (relating to exclusive, continuing jurisdiction) or that a court of this Commonwealth would be a more convenient forum under section 5427 (relating to inconvenient forum); or

> (2) a court of this Commonwealth or a court of the other state determines that the child, the child's parents and any person acting as a parent do not presently reside in the other state.

Pennsylvania has jurisdiction to make an initial child-custody determination pursuant to 23 Pa.C.S.A. § 5421(a)(1) (2010), which provides:

> (1) this Commonwealth is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this Commonwealth but a parent or person acting as a parent continues to live in this Commonwealth. . . .

Pennsylvania is the child's home state, as he resided there with both parents for approximately twenty months before Ms. Piccioni filed a motion to modify visitation and for protection from alleged domestic violence.

Ms. Piccioni argues that the trial court should have focused on the fact that there was an allegation of domestic abuse and considered that she and the child could be better protected in Arkansas with her parents rather than Pennsylvania where she had no support group. Mr. Piccioni's emergency petition was commenced in Pennsylvania before Ms. Piccioni raised her domestic-violence allegations and moved for modification of custody in Arkansas.

A court of this state has temporary emergency jurisdiction if the child is present in this state, and it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse. Ark.Code Ann. § 9–19–204(a). Section (d) provides:

A court of this state which has been asked to make a child-custody determination under this section, upon being informed that a child-custody proceeding has been commenced in, or a child-custody determination has been made by, a court of a state having jurisdiction under §§ 9–19–201—9–19–203, shall immediately communicate with the other court. A court of this state which is exercising jurisdiction pursuant to §§ 9–19–201—9–19–203, upon being informed that a child-custody proceeding has been commenced in, or a child-custody determination has been made by, a court of another state under a statute similar to this section shall immediately communicate with the court of that state to resolve the emergency, protect the safety of the parties and the child, and determine a period for the duration of the temporary order.

Ark.Code Ann. § 9–19–204(d).

The trial court's order expressly provides that the Arkansas court conferred with the Pennsylvania court in which Mr. Piccioni's emergency petition was filed, as required by statute. Pursuant to Ark. Code Ann. § 9–19–110(b): "The court *may* allow the parties to participate in the communication. If the parties are not able to participate in the communication, they must be given the opportunity to present facts and legal arguments before a decision on jurisdiction is made." Ark. Code Ann. § 9–19–110(b) (emphasis added).

Ms. Piccioni argues that the trial court erred in deferring jurisdiction to Pennsylvania without a hearing or opportunity for the parties to present evidence and that the trial court further erred in not making a record of the communication and providing the parties with access to that record. The statute provides that participation in the communication between the courts is discretionary, not mandatory. Here, Ms. Piccioni had the opportunity to and did present facts and legal argument prior to the trial court's decision to decline to exercise jurisdiction in favor of the Pennsylvania courts. Indeed, the record indicates that Ms. Piccioni filed a fourteen-page brief in support of her motion to modify visitation and for ex parte emergency relief, which she did not include in her addendum as required by Arkansas Supreme Court and Court of Appeals Rule 4–2(a)(8) (2010), which provides that the addendum shall contain true and legible copies of the non-transcript documents in the record on appeal that are essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal. Section (a)(8)(A)(i) provides that the contents of the addendum must include all motions and related briefs. Our de novo review of the record indicates that Ms. Piccioni presented legal arguments to the trial court that are virtually identical to the arguments she raises on appeal. In other words, the trial court had the benefit of her arguments prior to rendering its decision on jurisdiction.

Ms. Piccioni asserts that the trial court's failure to conduct a hearing for the parties to submit information prevented her from presenting evidence to show that Arkansas was a more convenient forum. She maintains that the trial court should be reversed because there is nothing in the record to indicate whether the trial court considered the factors enumerated in Ark. Code Ann. § 9–19–207 (Repl.2009). A court of this state which has jurisdiction under this chapter to make a child-custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. Ark. Code Ann. § 9–19–207(a). Before deter-

844

mining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including:

(1) whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;

(2) the length of time the child has resided outside this state;

(3) the distance between the court in this state and the court in the state that would assume jurisdiction;

(4) the relative financial circumstances of the parties;

(5) any agreement of the parties as to which state should assume jurisdiction;

(6) the nature and location of the evidence required to resolve the pending litigation, including testimony of the child;

(7) the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and

(8) the familiarity of the court of each state with the facts and issues in the pending litigation.

Ark.Code Ann. § 9–19–207(b). Although Ms. Piccioni made this very argument to the trial court prior to its ruling on jurisdiction, Ms. Piccioni did not request specific findings from the trial court pursuant to Ark. R. Civ. P. 52(a) and thus waived the right to request such findings.

Mr. Piccioni argues that jurisdiction in this matter is no longer an issue because Ms. Piccioni has since consented to the jurisdiction of the Pennsylvania courts. In support of his argument, he includes in his supplemental addendum orders entered in the Court of Common Pleas of Berks County, Pennsylvania, subsequent to the Arkansas trial court's decision deferring jurisdiction to the Pennsylvania courts. Matters not contained in the record are simply not subject to appellate review. *Huffman v. Ark. Judicial Discipline and Disability Comm'n*, 344 Ark. 274, 42 S.W.3d 386 (2001).We agree with Ms. Piccioni that consideration of these orders is improper. This court will not consider matters not contained in the record. Ark. Sup.Ct. R. 4–2(8)(C); *Black v. Van Steenwyk*, 333 Ark. 629, 970 S.W.2d 280 (1998).

For the reasons cited herein, we affirm.

PITTMAN, J., agrees.

HART, J., concurs.