******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

IN RE NATALIE S.*
(SC 19844)

Rogers, C. J., and Palmer, Eveleigh, McDonald, Espinosa and Vertefeuille, Js.

*Argued January 24—officially released June 6, 2017*

*Michael S. Taylor*, assigned counsel, with whom were *Marina L. Green*, assigned counsel, and, on the brief, *Emily Graner Sexton*, assigned counsel, for the appellant (respondent mother).

*Joshua Michtom*, assistant public defender, for the appellee (respondent father).

*Joseph A. Geremia, Jr.*, for the minor child.

*Opinion*

EVELEIGH, J. The respondent mother in the underlying case, Heather S. (mother), appeals from the judgment of the trial court denying her motion for visitation with the minor child, Natalie S. On appeal to this court, the mother asserts that the trial court incorrectly determined that North Carolina was the appropriate forum to adjudicate the issues raised in her motion for visitation. The respondent father, Matthew B. (father), asserts that the trial court properly denied the mother's motion for visitation on the ground that North Carolina is the more appropriate forum to decide the issues raised therein. We affirm the judgment of the trial court.

The underlying facts and procedural history are set forth in *In re Natalie S.*, 325 Conn.     ,     A.3d (2017). The following additional facts and procedural history are relevant to the present appeal. While the mother's appeal from the judgment of the Appellate Court regarding the neglect proceeding was pending before this court, the mother filed a motion to modify the trial court's orders of visitation with the trial court.[1] In that motion, the mother requested that the trial court modify its orders of visitation to include specific days for telephone, video, and in person contact with the minor child. Specifically, the mother alleged in her motion that she was living with the minor child's maternal grandmother, had family supports available to her, and that the father was imposing unreasonable and arbitrary limitations on her ability to have visitation with the minor child. The mother further alleged that a modification of visitation was in the best interests of the minor child.

The father objected to the motion, asserting that: (1) the trial court matter was concluded when the trial court transferred custody and guardianship of the minor child to the father; (2) upon information and belief, the state of North Carolina had exercised jurisdiction in this matter; (3) both the father and the minor child reside in North Carolina; and (4) the mother could file a motion for modification of visitation in a court in North Carolina.

The trial court heard oral argument on the motion. At that time, counsel for the mother asserted that the trial court could exercise jurisdiction over the motion under the Uniform Child Custody Jurisdiction and Enforcement Act (act), General Statutes § 46b-115 et seq. Nevertheless, counsel for the mother also recognized that the trial court could relinquish jurisdiction over the motion under General Statutes § 46b-115q[2] on the ground of inconvenient forum. Counsel for the mother asserted, however, that the court should exercise jurisdiction over the motion and noted, inter alia, that the court could resolve the issue of visitation expeditiously because a trial was already scheduled

and the court was familiar with the facts and issues in the matter. Counsel for the mother also represented that both the father and the minor child lived in North Carolina and that the mother did not have sufficient resources to travel from Massachusetts to North Carolina for litigation.

After the oral argument on the motion, the trial court ruled as follows: "This court is of the opinion that a coordinate court in North Carolina is just as capable, given all of the evidence available, of deciding expeditiously the nature and extent of the contact that [the mother] should have with [the minor child]. . . . [The] motion for this court to issue more specific orders of visitation, when there have been no orders of visitation entered by this court, is denied for the reasons outlined on the record."[3] The mother appealed from the judgment of the trial court to the Appellate Court. After hearing oral argument, the Appellate Court recommended transfer of the mother's appeal to this court pursuant to Practice Book § 65-2.[4] We issued an order approving the transfer on December 15, 2016, and, thereafter, heard oral argument on the appeal.[5]

I

The mother first claims that the trial court had exclusive and continuing jurisdiction over her motion for visitation under the act. Specifically, the mother asserts that because the trial court had jurisdiction over the underlying neglect petition, which alleged that the minor child was being denied proper care and attention and was living under conditions or circumstances injurious to her well-being, its jurisdiction continued and covered the subsequent motion for visitation filed by the mother. The mother further asserts that, because Connecticut courts are actively exercising jurisdiction over the appeal from the neglect petition and the current appeal, North Carolina cannot exercise jurisdiction over the mother's motion for visitation. We disagree.

We begin with the standard of review applicable to the mother's claim. "We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Internal quotation marks omitted.) *State* v. *Tabone*, 301 Conn. 708, 713–14, 23 A.3d 689 (2011).

The mother asserts that a court of this state has exclusive jurisdiction over the motion for visitation because the trial court had jurisdiction over the neglect petition. The mother asserts, in turn, that the trial court had jurisdiction over the neglect petition because of the undisputed fact that both the mother and the minor child lived in Connecticut at the inception of the neglect petition. In support of this position, the mother cites General Statutes § 46b-56 (a).

Section 46b-56 (a) provides in relevant part that "[i]n any controversy before the Superior Court as to the

custody or care of minor children . . . the court may make or modify any proper order regarding the custody, care, education, visitation and support of the children if it has jurisdiction under the provisions of [the act]." The act, in turn, provides that "a court of this state has jurisdiction to make an initial child custody determination if . . . [t]his state is the home state of the child on the date of the commencement of the child custody proceeding . . . ." General Statutes § 46b-115k (a) (1).[6] " 'Home state' " is defined as "the state in which a child lived with a parent or person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. In the case of a child less than six months old, the term means the state in which the child lived from birth with any such parent or person acting as a parent. A period of temporary absence of any such person is counted as part of the period . . . ." General Statutes § 46b-115a (7). On the basis of this language, we agree with the mother that there is no dispute that the trial court properly exercised jurisdiction over the neglect petition because both the mother and the minor child resided in Connecticut at the inception of the neglect petition.

Contrary to the mother's assertion, however, the fact that the trial court properly exercised jurisdiction over the neglect petition does not end our inquiry. The question raised in the current appeal requires us to determine whether the trial court currently has exclusive jurisdiction over the motion for visitation brought by the mother.

General Statutes § 46b-115*l* addresses this precise issue. Section 46b-115*l* (a) provides that "a court of this state which has made a child custody determination pursuant to sections 46b-115k to 46b-115m, inclusive, has exclusive, continuing jurisdiction over the determination until: (1) A court of this state or a court of another state determines that the child, the child's parents and any person acting as a parent do not presently reside in this state; or (2) a court of this state determines that (A) this state is not the home state of the child, (B) a parent or a person acting as a parent continues to reside in this state but the *child* no longer has a significant relationship with such parent or person, and (C) substantial evidence is no longer available in this state concerning the child's care, protection, training and personal relationships." (Emphasis added.) Section 50A-202 (a) (2) of the North Carolina General Statutes contains similar language.

In the present case, at the oral argument on the motion for visitation, counsel for the mother represented to the trial court that the mother resided in Massachusetts and that both the father and the minor child resided in North Carolina. Indeed, none of the parties disputed these jurisdictional facts or otherwise attempted to challenge the representations made by

counsel for the mother. Accordingly, the trial court was entitled to rely on these factual representations in order to reach its decision regarding jurisdiction. See, e.g., *State* v. *Pires*, 310 Conn. 222, 238, 77 A.3d 87 (2013) ("as a general proposition, the trial court may rely on factual and legal representations by counsel to the court, which are then attributable to and binding on the attorney's client"); see also *State* v. *Smith*, 289 Conn. 598, 609, 960 A.2d 993 (2008); *Collins* v. *Lewis*, 111 Conn. 299, 305, 149 A. 668 (1930). Accordingly, we conclude that, pursuant to § 46b-115*l* (a), the fact that all of the parties—the mother, the father and the minor child—no longer reside in this state supports the trial court's determination that it did not have exclusive, continuing jurisdiction in the present case.[7]

The mother also claims that the fact that, at the time she filed the motion for visitation, her appeal of the neglect petition was pending before this court supports her claim that North Carolina cannot exercise jurisdiction over the mother's motion for visitation. We disagree.

In support of her claim, the mother cites § 50A-206 (a) of the North Carolina General Statutes, which was adopted under the act. Section 50A-206 (a) provides in relevant part as follows: "[a] court of this [s]tate may not exercise its jurisdiction under this [p]art if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child has been commenced in a court of another state having jurisdiction substantially in conformity with this [a]rticle, unless the proceeding has been terminated or is stayed by the court of the other state because a court of this [s]tate is a more convenient forum . . . ." See also General Statutes § 46b-115p (a).[8] The plain language of § 50A-206 (a) clearly provides that, in order for North Carolina to be barred from asserting its jurisdiction over a claim, there must be "a proceeding concerning the custody of the child . . . in a court of another state . . . ."

The appeal from the neglect petition that was pending before this court does not bar North Carolina from asserting its jurisdiction over the mother's claims because it is not a proceeding concerning the custody of the child. As we explained more fully in *In re Natalie S.*, supra, 325 Conn.      n.5, the appeal from the neglect petition that was pending before this court did not concern the custody of the minor child. Indeed, in the neglect proceeding, the trial court determined that awarding custody and guardianship to the father was in the best interest of the minor child, and that finding was not a subject of the appeal to this court. Id.,      . The only issue in the appeal to this court from the neglect petition was whether the mother was entitled to continuation of reunification efforts. Id.,      . Moreover, as we concluded in that appeal, once the minor

child was adjudicated neglected and custody and guardianship were awarded to the father, the involvement of the petitioner, the Commissioner of Children and Families, with the minor child ceased and the case was closed. Id.,    . Our decision in that appeal demonstrates that, although an appeal was pending before this court, the custody of the minor child had already been settled and a court of this state was no longer exercising jurisdiction in a proceeding concerning the custody of the minor child. Id.,    . Accordingly, we cannot conclude that the appeal from the neglect proceeding barred a North Carolina court from exercising jurisdiction over the mother's motion for visitation.[9]

Accordingly, we conclude that the trial court properly determined, pursuant to § 46b-115*l* (a), that it did not have exclusive, continuing jurisdiction over her motion for visitation.

II

Having concluded that the trial court properly determined that it did not have exclusive, continuing jurisdiction, we next address the mother's claim that the trial court abused its discretion in determining that North Carolina was a more convenient forum for addressing the mother's motion for visitation.

Section 46b-115q (a)[10] specifically provides that "[a] court of this state which has jurisdiction under this chapter to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum." Section 46b-115q (b) provides a list of factors that a court should consider when determining whether to decline jurisdiction under § 46b-115q (a). "In determining whether a court of this state is an inconvenient forum and that it is more appropriate for a court of another state to exercise jurisdiction, the court shall allow the parties to submit information and shall consider all relevant factors including: (1) Whether family violence has occurred and is likely to continue in the future and which state could best protect the parties and the child; (2) the length of time the child has resided outside this state; (3) the distance between the court in this state and the court in the state that would assume jurisdiction; (4) the relative financial circumstances of the parties; (5) any agreement of the parties as to which state should assume jurisdiction; (6) the nature and location of the evidence required to resolve the pending litigation, including testimony of the child; (7) the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and (8) the familiarity of the court of each state with the facts and issues in the pending litigation." General Statutes § 46b-115q (b).

Declining jurisdiction under § 46b-115q calls for the

exercise of the trial court's discretion. *Brown* v. *Brown*, 195 Conn. 98, 109, 486 A.2d 1116 (1985). "By the inclusion of the word 'may' . . . the legislature clearly intended that the inconvenient forum issue . . . remain discretionary [under the act] . . . as is the common law forum non conveniens principle. . . . This discretion must be exercised in accordance with the overall purposes of the [act] . . . which have been summarized by some courts as consisting of the elimination of 'jurisdictional fishing with children as bait.' " (Citations omitted.) Id., 109–10. "A determination by the court . . . that Connecticut is an inconvenient forum . . . will not be reversed absent a clear abuse of discretion. . . . This standard of review is necessary in order to discourage continuing controversies over child custody in the interest of greater stability of home environment and of secure family relationships for the child." (Citations omitted; internal quotation marks omitted.) Id., 110.

In the present case, at oral argument before the trial court on the mother's motion for visitation, the parties and the trial court understood that § 46b-115q was the controlling statute for resolving the jurisdictional question in the present case. Specifically, counsel for the mother stated the following: "The court does have the discretion under [§] 46b-115q to relinquish jurisdiction to the court of another state on the [ground] of inconvenient forum. The statute sets forth [several] factors the court may consider in relinquishing jurisdiction." Counsel for the mother then addressed the statutory factors,[11] and explained how they favored exercising jurisdiction over the motion for visitation.

It is clear that the trial court considered the relevant statutory factors when declining to exercise jurisdiction over the mother's motion for visitation.[12] The trial court's detailed reasoning demonstrates that, on the basis of undisputed representations by counsel that the mother lived in Massachusetts and that both the father and the minor child lived in North Carolina, the information necessary to make a decision on proper visitation for the mother was not readily available in Connecticut. The trial court further recognized that if a court needed additional information about the living situation and schedule of the minor child, that information would need to be obtained in North Carolina. The trial court also recognized that, if a Connecticut court exercised jurisdiction over the motion for visitation, the father and likely the minor child would be required to travel to Connecticut to litigate the issue and provide a Connecticut court with the necessary information to make such a determination. The trial court recognized that, particularly where the father had full financial responsibility for the minor child, traveling from North Carolina to Connecticut to litigate the mother's motion for visitation would be costly and difficult. On the basis of the foregoing, we cannot conclude that the trial court's

well reasoned decision that North Carolina was a more convenient forum pursuant to § 46b-115q constitutes a clear abuse of discretion.

### III

The mother also asserts that the trial court deprived her of her constitutional right to due process by failing to conduct an evidentiary hearing prior to making a determination under § 46b-115q that Connecticut was an inconvenient forum for the mother's motion for visitation. We disagree.

First, the mother's claim that the trial court should have conducted an evidentiary hearing on whether it should exercise its jurisdiction over the mother's motion for visitation was not preserved in the trial court. "It is well settled that [o]ur case law and rules of practice generally limit [an appellate] court's review to issues that are distinctly raised at trial. . . . [O]nly in [the] most exceptional circumstances can and will this court consider a claim, constitutional or otherwise, that has not been raised and decided in the trial court. . . . The reason for the rule is obvious: to permit a party to raise a claim on appeal that has not been raised at trial—after it is too late for the trial court or the opposing party to address the claim—would encourage trial by ambuscade, which is unfair to both the trial court and the opposing party." (Citations omitted; internal quotation marks omitted.) *Blumberg Associates Worldwide, Inc.* v. *Brown & Brown of Connecticut, Inc.*, 311 Conn. 123, 142–43, 84 A.3d 840 (2014).

In the present case, the mother did not ask the trial court to conduct an evidentiary hearing on the jurisdictional claim. Instead, once the mother filed her motion for visitation, the father objected on jurisdictional grounds. The trial court heard oral argument from both parties. During the oral argument, counsel for the mother never asked to present evidence and never asserted that any of the facts on which the trial court was basing its jurisdictional decision were in dispute. To the contrary, it was counsel for the mother who represented to the court that the mother lived in Massachusetts and that both the father and the minor child lived in North Carolina. Indeed, in her brief to this court, the mother concedes that the issue of residency is not in dispute. See, e.g., *State* v. *Pires*, supra, 310 Conn. 238 ("as a general proposition, the trial court may rely on factual and legal representations by counsel to the court, which are then attributable to and binding on the attorney's client"). In addition, at the oral argument before the trial court, counsel for the mother explained to the trial court that "[t]he court does have the discretion under [§] 46b-115q to relinquish jurisdiction to the court of another state on the [ground of] inconvenient forum. The statute sets forth [several] factors the court may consider in relinquishing jurisdiction." Counsel for the mother then went on to discuss these factors in

great detail; see footnote 11 of this opinion; and, in doing so, never asked to present evidence to the court. On the basis of the foregoing, we conclude that the mother did not preserve her claim that the trial court should have conducted an evidentiary hearing before declining to exercise jurisdiction over her motion.

Second, we disagree with the mother that she is entitled to review of her constitutional claim under *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989). As this court recently explained, "[i]n *State* v. *Golding*, supra, [239–40], we held that an appellant can prevail on a claim of constitutional error not preserved at trial only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation . . . exists and . . . deprived the [respondent] of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the [respondent's] claim will fail." (Internal quotation marks omitted.) *In re Yasiel R.*, 317 Conn. 773, 779, 120 A.3d 1188 (2015); see id., 781 (modifying third prong).

In the present case, the mother has failed to demonstrate that she is entitled to review of her constitutional claim under *State* v. *Golding*, supra, 213 Conn. 239–40, because she has failed to demonstrate that her "claim is of constitutional magnitude alleging the violation of a fundamental right . . . ." The mother's current appeal only addresses the trial court's decision to decline exercising its jurisdiction over the mother's motion for visitation. The mother asserts that the trial court's decision violates her fundamental rights because it impacts her fundamental liberty interest in the care, custody and concern of the minor child and the fundamental right to due process of the law that prohibits the state from interfering with her parental rights. We disagree.

Although the mother identifies well recognized constitutional rights, neither of the rights she identifies were involved in the proceeding from which she currently appeals. Specifically, the mother's fundamental rights as a parent were impacted in the neglect proceeding, which is the subject of the separate appeal, but were not impacted by the trial court's decision not to exercise its jurisdiction over the motion for visitation. Indeed, the trial court's decision not to exercise jurisdiction over the mother's motion for visitation did not involve any governmental interference with her rights to parent the minor child. Furthermore, the trial court's decision declining to exercise its jurisdiction over the mother's motion for visitation did not deprive the mother of any rights regarding her child, but instead,

directed her to another, more appropriate forum, to vindicate her rights. Accordingly, we conclude that the mother is not entitled to review of her claim regarding the format of the hearing because she has failed to establish that her claim is of constitutional magnitude as required by *State* v. *Golding*, supra, 213 Conn. 239–40.

The judgment is affirmed.

In this opinion the other justices concurred.

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79a-12, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

[1] We note that, in its memorandum of decision awarding custody and guardianship of the minor child to the father, the trial court did not enter any orders regarding visitation.

[2] General Statutes § 46b-115q provides: "(a) A court of this state which has jurisdiction under this chapter to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. The issue of inconvenient forum may be raised upon a motion of a party, the guardian ad litem for the child or the attorney for the child, the court's own motion or a request of another court.

"(b) In determining whether a court of this state is an inconvenient forum and that it is more appropriate for a court of another state to exercise jurisdiction, the court shall allow the parties to submit information and shall consider all relevant factors including: (1) Whether family violence has occurred and is likely to continue in the future and which state could best protect the parties and the child; (2) the length of time the child has resided outside this state; (3) the distance between the court in this state and the court in the state that would assume jurisdiction; (4) the relative financial circumstances of the parties; (5) any agreement of the parties as to which state should assume jurisdiction; (6) the nature and location of the evidence required to resolve the pending litigation, including testimony of the child; (7) the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and (8) the familiarity of the court of each state with the facts and issues in the pending litigation.

"(c) If a court of this state determines that it is an inconvenient forum and that a court of another state is a more appropriate forum, it shall stay the proceedings upon condition that a child custody proceeding be promptly commenced in another designated state and may impose any other condition the court considers just and proper.

"(d) A court of this state may decline to exercise its jurisdiction under this chapter if a child custody determination is incidental to an action for dissolution of marriage, divorce or another proceeding while still retaining jurisdiction over the dissolution of marriage, divorce or other proceeding."

[3] Thereafter, the following colloquy occurred:

"[The Respondent Mother's Counsel]: Respectfully, Your Honor, you did retain jurisdiction over reinstatement of [the mother] as custodian and guardian. So, by doing that—

"The Court: This is not a motion for reinstatement.

"[The Respondent Mother's Counsel]: Right, but all the evidence—

"The Court: Now, [on a] motion for reinstatement the court would take into consideration the progress [the mother] has made, and whether or not it would then be in [the minor child's] best interests based upon [the mother's] change in circumstances to reinstate her as the primary custodian. . . . [T]he court did retain jurisdiction over reinstatement, but reinstatement only. [The] motion for this court to issue more specific orders of visitation, when there have been no orders of visitation entered by this court, is denied for the reasons outlined on the record."

While the appeal was pending, the trial court issued the following order: "This court is indicating on this day that [it] is not retaining jurisdiction, that [it] is not [and] has not retained jurisdiction in the matter concerning the minor child . . . for the reasons set forth in the court's ruling on the motion for visitation . . . and because neither party is a resident within the state of [Connecticut and] the minor child is not residing within the state. The clerk's office is requested to provide the judge in [North Carolina]

of this court's ruling or decision, that it does not retain jurisdiction over any aspect of [this case] and concedes and relinquishes jurisdiction to the court in [North Carolina]. . . . [T]he petition . . . currently pending and scheduled for trial . . . is dismissed without prejudice to be pursued in [North Carolina]."

Because we conclude that the trial court properly declined to exercise its jurisdiction over the mother's motion for visitation under § 46b-115q, the trial court's subsequent clarification that it was not retaining jurisdiction over the matter concerning the minor child does not affect our resolution of the current appeal.

[4] Practice Book § 65-2 provides in relevant part: "If, at any time before the final determination of an appeal, the appellate court is of the opinion that the appeal is appropriate for supreme court review, the appellate court may notify the supreme court of the reasons why transfer is appropriate. If the supreme court transfers the case to itself, the appellate clerk shall promptly notify the parties. The appellate clerk may require the parties to take such steps as may be necessary to make the appeal conform to the rules of the court to which it has been transferred."

[5] Prior to oral argument in this court, we issued an order directing the parties to file supplemental briefs addressing the following issues: (1) "the mother's claim that North Carolina lacks statutory authority over the dispute"; and (2) "the effect on this appeal, if any, of the November 9, 2016 judgment relinquishing all jurisdiction to the North Carolina courts."

[6] General Statutes § 46b-115k provides: "(a) Except as otherwise provided in section 46b-115n, a court of this state has jurisdiction to make an initial child custody determination if:

"(1) This state is the home state of the child on the date of the commencement of the child custody proceeding;

"(2) This state was the home state of the child within six months of the commencement of the child custody proceeding, the child is absent from the state, and a parent or a person acting as a parent continues to reside in this state;

"(3) A court of another state does not have jurisdiction under subdivisions (1) or (2) of this subsection, the child and at least one parent or person acting as a parent have a significant connection with this state other than mere physical presence, and there is substantial evidence available in this state concerning the child's care, protection, training and personal relationships;

"(4) A court of another state which is the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under a provision substantially similar to section 46b-115q or section 46b-115r, the child and at least one parent or person acting as a parent have a significant connection with this state other than mere physical presence, and there is substantial evidence available in this state concerning the child's care, protection, training and personal relationships;

"(5) All courts having jurisdiction under subdivisions (1) to (4), inclusive, of this subsection have declined jurisdiction on the ground that a court of this state is the more appropriate forum to determine custody under a provision substantially similar to section 46b-115q or section 46b-115r; or

"(6) No court of any other state would have jurisdiction under subdivisions (1) to (5), inclusive, of this subsection.

"(b) Subsection (a) of this section is the exclusive jurisdictional basis for making a child custody determination by a court of this state.

"(c) Physical presence of, or personal jurisdiction over, a party or a child is not necessary or sufficient to make a child custody determination."

[7] The mother seems to assert that this court had exclusive jurisdiction over the motion for visitation at the time she brought the motion because the minor child had not been absent from the state for sufficient time to establish a new home state. We agree with the mother that at the time the mother filed the motion for visitation on February 26, 2016, the minor child had not resided in North Carolina for sufficient time to establish that it was her " '[h]ome state' " for purposes of the act. General Statutes § 46b-115a (7). Nevertheless, we conclude that the absence of all the parties from this state at the time of the hearing on the motion for visitation was sufficient to conclude that this state did not have exclusive jurisdiction without establishing that the minor child was absent from the state for long enough to establish a new home state. See, e.g., *Piccioni* v. *Piccioni*, 378 S.W.3d 838, 842 (Ark. App. 2011) (trial court lost its exclusive, continuing jurisdiction because mother and minor child no longer resided in state).

[8] General Statutes § 46b-115p (a) provides: "Except as otherwise provided

in section 46b-115n, if at the time of the commencement of the proceeding in this state a proceeding concerning the custody of the child has been commenced in a court of another state having jurisdiction pursuant to a provision substantially similar to section 46b-115k, 46b-115*l* or 46b-115m, a court of this state shall not exercise jurisdiction. A court of this state may exercise jurisdiction if the proceeding in the other state has been terminated or is stayed by the court of the other state because such court has determined pursuant to a provision substantially similar to section 46b-115q, that a court in this state is a more convenient forum."

[9] The mother also asserts that the existence of the present appeal bars North Carolina from asserting its jurisdiction over the motion for visitation and, therefore, is a ground on which this court can determine that the trial court has jurisdiction over the motion for visitation. We find this claim unavailing. We agree that, like any appellant, the existence of this pending appeal prevents the mother from obtaining an overlapping ruling on the same issue from another court in North Carolina while the appeal is pending. If, however, this court affirms the judgment of the trial court, the mother can seek relief in the North Carolina courts. Furthermore, we cannot conclude that the act of filing an appeal from the judgment of the trial court somehow conferred jurisdiction on the trial court.

[10] See footnote 2 of this opinion for the text of § 46b-115q.

[11] Counsel for the mother did not address the fifth factor listed in § 46b-115q (b)—any agreement of the parties as to which state should assume jurisdiction—and neither party asserts that any such agreement exists in the present case.

[12] The trial court considered the statutory factors and reasoned as follows: "Now, in relinquishing jurisdiction to North Carolina . . . I am taking into consideration the number of times and the duration over which the father has traveled repeatedly from North Carolina to Connecticut for court proceedings, and to spend time with [the minor child]. He's had to travel for a longer period of time over a greater distance than [the mother] has had to travel from Massachusetts to Connecticut; and has done so at his expense, primarily. [The mother] is indigent. My recollection from the hearing is that [the father] had an annual income of approximately $20,000. And in awarding him custody the court did not order [the mother] to contribute in any way to the support of [the minor child]. Taking into consideration that he's had to travel a great distance over a significant period of time, at his expense, that he is solely responsible for [the minor child's] financial support presently, and that he had agreed to engage [the minor child] in services in North Carolina at his expense, I find that his—based upon that, his financial circumstances or ability to pay at the present time is not any better than [the mother's] is. [The minor child] has been residing with her father in North Carolina for a number of months now; I forget how long it's been. And deciding what visitation [the minor child] should have with her mother, the court needs to be informed as to what [the minor child's] current circumstances are, with regard to school, with regard to friends, with regard to obligation, with regard [to] services that she's engaged in, and other activities; as well as the responsibilities and obligations of the father. That information is more readily available to the courts in North Carolina than it is to the court here in Connecticut. If a study needs to be done then it should be done in the state where [the minor child] is now residing, and that information furnished there to the courts. This court is of the opinion that a coordinate court in North Carolina is just as capable, given all of the evidence available, of deciding expeditiously the nature and extent of the contact that [the mother] should have with [the minor child]." The trial court concluded: "[The] motion for this court to issue more specific orders of visitation, when there have been no orders of visitation entered by this court, is denied for the reasons outlined on the record."