2010 Ark. App. 290

**Jason Edward ULLRICH, Appellant**

v.

**Nicole Alexa WALSH, Appellee.**

**No. CA 09–1114.**

Court of Appeals of Arkansas.

April 7, 2010.

DeeAnna Weimar, Ozark, to appellant.

Brian Keith Mueller, Booneville, for appellee.

ROBERT J. GLADWIN, Judge.

Appellant Jason Edward Ullrich contends that the Logan County Circuit Court's order of July 14, 2009, finding that Galveston County, Texas, has continuing jurisdiction over the parties herein, was in error and should be reversed. He argues that the trial court erred (1) in finding that the decision of the Texas court constituted an "initial child-custody determination" under the Uniform Child–Custody Jurisdiction and Enforcement Act (UCCJEA), codified at Arkansas Code Annotated sections 9–19–101–401 (Repl.2009), and the federal Parental Kidnapping Prevention Act (PKPA), 28 U.S.C. § 1738A(b)(3) (2009); (2) in finding that the decision of the Texas court was entitled to full faith and credit until it was set aside or modified; (3) in finding that it could only assume jurisdiction under cer-

tain conditions outlined in Arkansas Code Annotated section 9–19–203; (4) by not following the formula set out in the UC-CJEA. We affirm.

Appellee Nicole Walsh petitioned the Galveston County, Texas, County Court for establishment of paternity of her minor child, born October 3, 2008. The Texas court entered an order adjudicating parentage on February 24, 2009, finding that appellant is the father of the minor child and establishing various rights and duties of both parties. Both parties appeared before the Texas court, and the order reflects that the Texas court has continuing, exclusive jurisdiction of the case.

On May 13, 2009, appellant filed in circuit court in Logan County, Arkansas, a verified petition for paternity and emergency custody, claiming that he lived in Logan County and that he should be granted emergency-temporary custody because the appellee had threatened to take the child to Texas and not allow him future contact with the child; that the child was in daycare or with the grandmother all the time; that appellee's house was dirty; and that appellee slept a lot, causing her to be unable to care for the child. A hearing was set for June 24, 2009, and appellee and the child were restricted from leaving the state of Arkansas until the hearing. Subsequently, appellee filed a special appearance in Logan County claiming that her legal domicile was in Galveston County, Texas, and attached a certified copy of the February 24, 2009 order from the Texas court.

Appellee filed a motion to dismiss in Logan County on June 22, 2009, alleging that Arkansas lacked jurisdiction under the UCCJEA because of the Texas court's order. Appellant filed a motion to strike appellee's special appearance and motion to dismiss claiming that appellee filed her special appearance in an untimely manner and also alleging that Texas did not have jurisdiction over the parties or subject matter.

In an opinion letter filed July 6, 2009, the Arkansas court found that the Texas court's order established paternity on February 24, 2009; that the order reflected that appellant appeared in person and announced ready for trial; that the Texas court had jurisdiction of the case and of all the parties, and that no other court had continuing, exclusive jurisdiction of the case; the order was approved as to both form and substance by appellant. Based on these factual findings, the trial court found that the Texas order constituted an initial child-custody determination under the UCCJEA and the PKPA and that the order was entitled to full faith and credit until set aside or modified by the Texas court. Finally, the circuit judge found that the only way that the Arkansas court could assume jurisdiction of the petition for paternity was pursuant to Arkansas Code Annotated section 9–19–203, which requires that either the Texas court determine that it no longer has exclusive, continuing jurisdiction under Arkansas Code Annotated section 9–19–202, or that a court of this state would be a more convenient forum under Arkansas Code Annotated section 9–19–207, or the Arkansas court or the Texas court determined that the child, the child's parents, and any person acting as a parent do not presently reside in Texas. The circuit court stated, "In light of [appellant's counsel's] statements that her client was attempting to take further action in the State of Texas, it would appear that no further hearings are needed until the Texas actions have been completed."

On July 7, 2009, the Logan County Circuit Court filed an order denying appellant's motion to strike appellee's special appearance and took under advisement appellee's motion to dismiss pending commu-

nication with the Texas court. On July 14, 2009, the Logan County Circuit Court filed an order reflecting the letter opinion filed on July 6, 2009, as outlined above. Appellant filed a timely notice of appeal, and this appeal followed.

Our standard of review in this case is *de novo*, although we will not reverse a finding of fact by the circuit court unless it is clearly erroneous. *Hatfield v. Miller*, 2009 Ark. App. 832, 373 S.W.3d 366; *Thomas v. Avant*, 370 Ark. 377, 260 S.W.3d 266 (2007). The UCCJEA is the exclusive method for determining the proper state for jurisdictional purposes in child-custody proceedings that involve other jurisdictions. *West v. West*, 364 Ark. 73, 216 S.W.3d 557 (2005). One of the purposes behind the UCCJEA is to avoid relitigation of child-custody determinations in other states. *Id.*

Appellant first contends that the trial court erred in finding that the decision of the Texas court constituted an "initial child-custody determination" under the UCCJEA and the PKPA. To establish what constitutes an initial child-custody determination, one must look at Arkansas Code Annotated section 9–19–201, which states as follows:

(a) Except as otherwise provided in § 9–19–204, a court of this state has jurisdiction to make an initial child-custody determination only if:

(1) this state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six (6) months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;

(2) a court of another state does not have jurisdiction under subdivision (a)(1) of this section, or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under § 9–19–207 or § 9–19–208, and:

(A) the child and the child's parents, or the child and at least one (1) parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and

(B) substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships;

(3) all courts having jurisdiction under subdivision (a)(1) or (2) of this section have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under § 9–19–207 or § 9–19–208; or

(4) no court of any other state would have jurisdiction under the criteria specified in subdivision (a)(1), (2), or (3) of this section.

(b) Subsection (a) of this section is the exclusive jurisdictional basis for making a child-custody determination by a court of this state.

(c) Physical presence of, or personal jurisdiction over, a party or a child is not necessary or sufficient to make a child-custody determination.

Appellant contends that the home state of the child is Arkansas, not Texas. He claims that the child was born in Fort Smith, Arkansas, on October 3, 2008, and lived in Paris, Arkansas, with appellee until May 29, 2009. He further submits that the child was enrolled in and received subsidized day care at Child Development, Inc., from February 17, 2009, until May 21, 2009. Appellant points out that appellee

filed her petition in Texas on October 31, 2008, and the Texas court filed its order adjudicating parentage on February 24, 2009. In both those documents, appellee's residence is stated as 133 Cherry Tree Lane, Friendswood, Texas. However, appellant contends that the record reflects that during that same time period, appellee was living at a state-subsidized apartment located at 1201 North 3rd, Paris, Arkansas, 72855, where she was served by a Logan County Deputy Sheriff on May 21, 2009, with appellant's petition for paternity and emergency custody.

Based upon these allegations, appellant argues that the Texas court could not have acquired jurisdiction pursuant to the statute, as Arkansas had home-state jurisdiction. In Arkansas Code Annotated section 9–19–102, "home state" is defined as the state in which the child immediately preceding the time involved lived with his parents for at least six consecutive months, and if the child is less than six months old, then the state where the child lived from birth. Appellant contends that a temporary absence from the state will not defeat home-state jurisdiction. *See Slusher v. Slusher*, 31 Ark. App. 28, 786 S.W.2d 843 (1990). He argues that the child and appellee were only in Texas visiting appellee's mother, and that Arkansas is the home state of the child. Therefore, he claims that the order entered by the Texas court could not constitute an initial child-custody order as contemplated by the UCCJEA and the PKPA.

Next, appellant claims that the trial court erred in finding that the decision of the Texas court was entitled to full faith and credit until it was set aside or modified. It is well settled that a foreign judgment is conclusive on collateral attack except for fraud or want of jurisdiction under the Full Faith and Credit Clause of the U.S. Constitution. *Phillips v. Phillips,* 224 Ark. 225, 272 S.W.2d 433 (1954). Appellant submits that, in the present case, the trial court stated that it could not take any action in Arkansas because Texas had already entered a valid order making an initial child-custody determination. However, appellant argues that he should have been allowed to present his claims of fraud and lack of subject-matter jurisdiction presented in his motion to strike prior to the trial court making its decision.

Appellant also argues that it has already been established that the PKPA does not accord a custody decree full faith and credit in another state if the decree fails to conform to the requirements of the PKPA. *Perez v. Tanner,* 332 Ark. 356, 965 S.W.2d 90 (1998). Appellant contends that the Texas court's order fails to conform to the requirements of both the PKPA and the UCCJEA because it was entered without proper authority or jurisdiction. He further points out that appellee did not attach a jurisdictional statement in her petition filed in Texas as required by Texas law. *See* Tex. Fam.Code Ann. § 152.209 (2009). Appellant argues that because the child's home state was Arkansas, the Texas court was without the authority to enter its order because it lacked subject-matter jurisdiction. As such, appellant claims that the Texas order was not entitled to full faith and credit.

Appellant also claims that the trial court erred by finding that the only way it could assume jurisdiction under section 9–19–203 was that Texas determine it no longer has continuing, exclusive jurisdiction under section 9–19–202 or that Arkansas would be a more convenient forum under section 9–19–207 or that Texas determine that the child, the child's parents, and any other person acting as a parent do not reside in Texas. Ark.Code Ann. § 9–19–203(1)–(2). Appellant argues that this code section clearly illustrates that the

first requirement is to determine whether Arkansas has jurisdiction to make an initial determination. Section 9–19–203 states:

> Except as otherwise provided in § 9–19–204, a court of this state may not modify a child-custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under § 9–19–201(a)(1) or (2) *and:*
>
> > (1) the court of the other state determines it no longer has exclusive, continuing jurisdiction under § 9–19–202 or that a court of this state would be a more convenient forum under § 9–19–207; or
> >
> > (2) a court of this state or a court of the other state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state.

(Emphasis added.)

Appellant claims that after the Arkansas court made this initial determination of jurisdiction, then the court should have determined whether Texas had jurisdiction substantially similar to the requirements set forth in the Arkansas Code. The pertinent law states:

> Except as otherwise provided in § 9–19–204, a court of this state, before hearing a child-custody proceeding, shall examine the court documents and other information supplied by the parties pursuant to § 9–19–209. If the court determines that a child-custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with this chapter, the court of this state shall stay its proceeding and communicate with the court of the other state. If the court of the state having jurisdiction substantially in accordance with this chapter does not determine that the court of this state is a more appropriate forum, the court of this state shall dismiss the proceeding.

Ark.Code Ann. § 9–19–206(b). Appellant claims that, based on subsection 206(b), the Arkansas court only has to defer to the jurisdiction of another court in a sister state if that court had proper jurisdiction when its order was originally entered. He cites *Arkansas Department of Human Services v. Cox,* 349 Ark. 205, 82 S.W.3d 806 (2002), where the Arkansas Supreme Court held that an ex parte order from Florida was not entitled to full faith and credit because, among other reasons, no notice was given in compliance with the UCCJEA.

Finally, appellant contends that the trial court erred by not following the formula set forth in the UCCJEA. He claims that the Arkansas court should have allowed him to submit evidence when the trial court was presented with the Texas court's order. He argues that the trial court should have then determined whether it had jurisdiction to make an initial child-custody determination. After this determination was made, he claims that the Arkansas court should have decided whether Texas had proper jurisdiction to enter the initial custody order. Ark.Code Ann. § 152.201; Tex. Fam.Code Ann. § 9–19–201 (2009). He submits that after making these two determinations, if the Arkansas court found that the Texas order was entered without jurisdiction or procured by fraud, the trial court was not obliged to give it full faith and credit. *See Perez, supra.*

■ We hold that the Arkansas court acted properly in that it found that the Texas court had already made an initial child-custody determination and that determination was entitled to full faith and credit until it was set aside or modified by the Texas court. Arkansas Code Annotat-

ed section 9–19–102(8) defines "initial determination" as the first child-custody determination concerning a particular child. The Texas order provides for the legal custody, physical custody, and visitation of the child. It further recited that "no other court has continuing, exclusive jurisdiction of this case."

The trial court's letter opinion stating its findings of fact and conclusions of law show that it made a reasoned decision finding that the Texas court's order was an initial child-custody determination and that it did not abuse its discretion in refusing to assume jurisdiction of appellant's petition. Appellant's arguments referencing exhibits not introduced into evidence and the pleadings that he claims clearly indicate that the child's home state is Arkansas do not contradict the trial court's finding that the Texas order constituted an initial child-custody determination under the UCCJEA and PKPA. Further, appellant's pursuit of a remedy in the Texas court was made known to the trial court, which properly considered such in making its decision.

It is well settled that a foreign judgment is conclusive on collateral attack except for fraud or want of jurisdiction under the Full Faith and Credit Clause of the United States Constitution. *Lewis v. United Order of Good Samaritans*, 182 Ark. 914, 33 S.W.2d 53 (1930). If it was within the trial court's jurisdiction to act upon the subject matter, that action is binding until reversed or set aside. *Baptist Health v. Circuit Court of Pulaski County*, 373 Ark. 455, 284 S.W.3d 499 (2008). Accordingly, the trial court was not in error in giving full faith and credit to the Texas court's order.

Affirmed.

KINARD and GLOVER, JJ., agree.