

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-14-831

<table>
<tr><td>

ARKANSAS DEPARTMENT OF
HUMAN SERVICES

APPELLANT

V.


SHANTE WAUGH and MACKENZI
CLAYTON

APPELLEES

</td><td>

**Opinion Delivered** MARCH 4, 2015

APPEAL FROM THE SEBASTIAN
COUNTY CIRCUIT COURT,
FORT SMITH DISTRICT
[NO. JV-2014-296]

HONORABLE MARK HEWETT,
JUDGE

REVERSED AND REMANDED

</td></tr>
</table>

## CLIFF HOOFMAN, Judge

Appellant Arkansas Department of Human Services (DHS) appeals from the circuit court's dismissal of its petition for dependency-neglect based on a lack of subject-matter jurisdiction. DHS argues on appeal (1) that the circuit court had jurisdiction to hear the petition for dependency-neglect and (2) that the juveniles were dependent-neglected. We reverse and remand based on the circuit court's failure to properly exercise its discretion as to the issue of jurisdiction.

DHS filed a petition for dependency-neglect on April 29, 2014, alleging that appellee Shante Waugh's four children, K.W., M.C., K.C., and S.W., were dependent-neglected based on inadequate supervision. The affidavit attached to the petition stated that Waugh had been arrested on January 11, 2014, for driving while intoxicated with her children in the vehicle, driving with a suspended license, and refusal to submit to a chemical test. She was also

charged with child endangerment. Waugh's sister was called by the Fort Smith Police Department to come and pick up the children at the police station, and DHS indicated that it was not notified of the incident until a referral was made by the child–abuse hotline in March 2014. DHS opened a protective services case on the family on March 12, 2014, and the caseworker subsequently attempted to contact Waugh at her residence in Fort Smith on several occasions. On March 27, 2014, the caseworker finally made contact with Waugh, who refused the offer of services to her family. The petition alleged that the children were at a substantial risk of serious harm as a result of Waugh's actions. DHS amended the petition on May 13, 2014, to add as a defendant Mackenzi Clayton, the legal/putative father of three of the children, who lived in Spiro, Oklahoma. DHS alleged that S.W.'s putative father was unknown.

An adjudication hearing was held on July 8, 2014, in the Sebastian County Circuit Court. Waugh testified at the hearing that she was currently living in Spiro, Oklahoma, and that she had first moved there in January 2011. However, Waugh also testified that she had a "family house" in Fort Smith and that she was "back and forth" between Spiro and Fort Smith. Waugh stated that her grandmother owned the house in Spiro and that she paid her grandmother monthly rent. According to Waugh, the home in Fort Smith was a rent-to-own option on which she also paid rent. She stated that she was employed as a CNA in Barling, Arkansas, and that she was staying at the Fort Smith residence in January 2014 when she was arrested. Waugh testified that her children had attended school in Fort Smith for the 2013–14 school year but that she had then enrolled them in school in Oklahoma in late January or

early February 2014 because of problems with the Fort Smith school. Waugh stated that she was registered to vote in Oklahoma, not Arkansas. She further testified that several of her children received medication and counseling for issues such as autism, ADHD, and bipolar disorder, and that they had been receiving this treatment in Oklahoma since 2011. Waugh stated that she had an informal arrangement with the children's fathers where they had visitation with the children on certain days.

At the conclusion of the hearing, the circuit court questioned whether it had subject-matter jurisdiction to hear the dependency-neglect petition, given that Waugh and the children were now residing in Oklahoma and the children were enrolled in school there. The circuit court found that it did not have jurisdiction and entered an order dismissing the petition on July 16, 2014. In its order, the court specifically found that Waugh and the children resided in Oklahoma on April 29, 2014, at the time DHS filed its petition. The court found that "this is dispositive to the issue of subject-matter jurisdiction, though the Court does find that at the time of the incident on January 11, 2014, Shante Waugh and the juveniles were residents of Arkansas based on the evidence that the juveniles were enrolled in school in Arkansas, Shante Waugh worked in Arkansas, and Shante Waugh and the juveniles lived at 3712 Morris Drive, Fort Smith, Arkansas." The circuit court also specifically rejected the arguments against dismissal made by DHS, including that the family had subjected themselves to the jurisdiction of the court by residing in and attending school in Arkansas at the time of the incident and by owning a residence here; and that the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) provides that Arkansas is the family's home state

3

and no other state is asserting jurisdiction over the case.

On July 17, 2014, DHS filed a motion for reconsideration of the circuit court's decision to dismiss the case. A notice of appeal was filed by DHS on July 21, 2014, and an amended notice of appeal was filed on August 13, 2014. Although a hearing on the motion for reconsideration was initially set for August 12, 2014, it was continued to August 26 so that the attorney ad litem would have an opportunity to respond. On August 22, appellees filed a response, asserting that the circuit court had lost jurisdiction to act on the motion after thirty days. Subsequent to the August 26, 2014 hearing on the motion for reconsideration, DHS filed a second amended notice of appeal on August 28, 2014.[1]

In its first point on appeal, DHS argues that the circuit court had subject-matter jurisdiction of its petition for dependency-neglect under the UCCJEA. Our standard of review is de novo, although we will not reverse the circuit court's findings of fact unless they are clearly erroneous. *Thomas v. Avant*, 370 Ark. 377, 260 S.W.3d 266 (2007); *Ullrich v. Walsh*, 2010 Ark. App. 290, 373 S.W.3d 413. Furthermore, when a circuit court has discretion to decide whether to decline to exercise jurisdiction under the UCCJEA, we will not reverse the circuit court's decision absent an abuse of discretion. *Hatfield v. Miller*, 2009

---

[1]The circuit court entered an order on September 3, 2014, finding that it had lost jurisdiction to grant the relief requested in DHS's motion for reconsideration. However, as appellees argue in their brief, the motion had already been deemed denied on August 16, 2014, pursuant to Arkansas Rule of Appellate Procedure–Civil 4(b). Because the circuit court was without jurisdiction to hold a hearing on the motion after that date, this court is unable to consider the testimony and evidence presented at the August 26, 2014 hearing, as well as the circuit court's September 3, 2014 order. *See Wal-Mart Stores, Inc. v. Isely*, 308 Ark. 342, 823 S.W.2d 902 (1992).

SLIP OPINION



Ark. App. 832, 373 S.W.3d 366.

The UCCJEA, which is codified in Arkansas Code Annotated sections 9-19-101 to -401 (Repl. 2009), provides the exclusive method for determining the proper forum in child-custody proceedings involving other jurisdictions. *Greenhough v. Goforth*, 354 Ark. 502, 126 S.W.3d 345 (2003). Although the present case involves a petition for dependency-neglect, a "child-custody proceeding" under the UCCJEA includes proceedings for neglect, abuse, and dependency. Ark. Code Ann. § 9-19-102(4). Arkansas Code Annotated section 9-19-201 sets forth the criteria used to determine whether this state has jurisdiction to make an initial child-custody determination and states as follows:

> (a) Except as otherwise provided in § 9-19-204, a court of this state has jurisdiction to make an initial child-custody determination only if:
> (1) this state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six (6) months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
> (2) a court of another state does not have jurisdiction under subdivision (a)(1) of this section, or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under § 9-19-207 or § 9-19-208, and:
> (A) the child and the child's parents, or the child and at least one (1) parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and
> (B) substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships;
> (3) all courts having jurisdiction under subdivision (a)(1) or (2) of this section have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under § 9-19-207 or § 9-19-208; or
> (4) no court of any other state would have jurisdiction under the criteria specified in subdivision (a)(1), (2), or (3) of this section.
> (b) Subsection (a) of this section is the exclusive jurisdictional basis for making a child-custody determination by a court of this state.
> (c) Physical presence of, or personal jurisdiction over, a party or a child is not necessary

SLIP OPINION

or sufficient to make a child-custody determination.

Arkansas Code Annotated section 9-19-102(7) defines "home state" as "the state in which a child lived with a parent or a person acting as a parent for at least six (6) consecutive months immediately before the commencement of a child-custody proceeding . . . [.]" "Commencement" is defined as the filing of the first pleading in a proceeding. Ark. Code Ann. § 9-19-102(5).

DHS contends that the facts presented at the adjudication hearing demonstrated that Arkansas was the home state for the purposes of the UCCJEA and that the circuit court therefore erred in determining it did not have jurisdiction. In the alternative, DHS argues that if the juveniles had no home state under the UCCJEA, then Arkansas had jurisdiction under Ark. Code Ann. § 9-19-201(a)(4).

The circuit court found that Waugh and the juveniles resided in Oklahoma when the dependency-neglect petition was filed in April 2014, although they were residents of Arkansas at the time of the incident in January 2014. Thus, Arkansas was not the home state of the children on the date of the commencement of the proceeding because they did not reside in this state when the dependency-neglect petition was filed on April 29, 2014. *See* Ark. Code Ann. § 9-19-201(a)(1). Further, Arkansas was not the home state within six months before the commencement of the proceeding, as the circuit court did not find that Waugh, or another parent, continued to live in this state. *See id.* However, Oklahoma was also not the children's home state, as they had not resided in that state for at least six consecutive months immediately prior to the commencement of the proceeding. *See* Ark. Code Ann. § 9-19-

102(7).

Thus, because no court had jurisdiction of this proceeding pursuant to Ark. Code Ann. § 9-19-201(a)(1), the circuit court in this case could have exercised jurisdiction under subsection (a)(2) of the statute if the court found that Waugh and the children had a significant connection with this state other than mere physical presence and that substantial evidence was available in this state concerning the children's care, protection, training, and personal relationships. However, the circuit court made no such findings here. In fact, not only did the circuit court fail to engage in a home-state analysis as is required under the UCCJEA, *Greenhough*, *supra*, the circuit court also stated in its order of dismissal that the fact that Waugh and the children resided in Oklahoma at the time the petition was filed was "dispositive" on the jurisdiction issue. This was an incorrect statement of law.

An appellate court may, as part of its de novo review, conclude that the evidence supports a trial court's decision despite the absence of specific findings on an issue. *See Hamilton v. Barrett*, 337 Ark. 460, 989 S.W.2d 520 (1999). However, where a trial court relies on an incorrect assumption of law in reaching its decision, it is appropriate for this court to reverse and remand the case for the trial court to make further findings. *Gullahorn v. Gullahorn*, 99 Ark. App. 397, 260 S.W.3d 744 (2007). In *Gullahorn*, the trial court made an incorrect statement of law while explaining its decision to retain jurisdiction of a custody matter under the UCCJEA. This court stated that the trial court's "erroneous failure . . . to exercise its discretion" resulted in "no findings regarding the extent or significance of the connections with the state." *Id*. at 400, 260 S.W.3d at 746. We thus reversed and remanded

7

SLIP OPINION

the matter "for the trial court to properly exercise its discretion in a manner not inconsistent with this opinion." *Id.*

In the present case, as in *Gullahorn*, there was conflicting testimony presented as to the extent and significance of Waugh's and the children's connections with Arkansas and as to the evidence available in this state regarding the children's care, protection, training, and personal relationships. Because the circuit court failed to make findings regarding these issues and also relied on an incorrect assumption of law in its decision to decline jurisdiction, we reverse and remand this case for the circuit court to properly exercise its discretion under the provisions of the UCCJEA.

Because we are reversing and remanding on the issue of jurisdiction, there is no need for us to address appellees' second point on appeal. We further note that there was no ruling by the circuit court on whether the juveniles were dependent-neglected, as the court dismissed the petition on the basis of subject-matter jurisdiction. Thus, this court is precluded from discussing the issue of dependency-neglect regardless of our conclusion on DHS's first point on appeal.

Reversed and remanded.

ABRAMSON and HIXSON, JJ., agree.

*Tabitha Baertels McNulty*, Office of Policy and Legal Services, for appellant.

*Jo Carson*, Attorney ad litem, for minor children.