SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–15–545

| | |
|---|---|
| | **Opinion Delivered** October 21, 2015 |
| MICHAEL TERRELL | |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, EIGHTH DIVISION |
| V. | [NO. 60JV-13-1886] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES | |
| APPELLEE | HONORABLE WILEY A. BRANTON, JR., JUDGE |
| | AFFIRMED |

## M. MICHAEL KINARD, Judge

Appellant Michael Terrell appeals from the termination of his parental rights to his children A.P. (dob 11-22-07) and A.T. (dob 10-23-09). For his sole point on appeal, he contends that the trial court lacked subject-matter jurisdiction to terminate his parental rights. We disagree and affirm.

The Department of Human Services (DHS) filed a petition for emergency custody and dependency-neglect regarding A.P. and A.T. in November 2013. Appellant's wife, Jessica Terrell, had left the children with an inadequate caretaker, who called the police. Jessica told the caseworker that she came to Arkansas from Mississippi about six months earlier to stay with her sister because she was having relationship problems with appellant. Jessica tested positive for marijuana, cocaine, methamphetamine, and opiates. Appellant called the caseworker and stated that he wanted the children to live with him in Mississippi.

The trial court entered an order for emergency custody on November 20, 2013.

Following a January 14, 2014 adjudication hearing, the children were found to be dependent-neglected based on neglect, abandonment, and parental unfitness. Aggravated circumstances were found based on the children testing positive for cocaine and the parents' lack of effort to participate in services. In December 2014, DHS filed a petition to terminate the rights of both parents. Prior to the termination hearing, the children's paternal grandparents filed a motion to intervene. They argued that Mississippi, not Arkansas, had jurisdiction over the matter, and they attached a petition for guardianship of the children filed in Mississippi in February 2015. At the March 3, 2015 termination hearing, the trial court found that it had jurisdiction and denied the motion to intervene. Following the hearing, the trial court terminated Jessica's and appellant's parental rights.

Child-custody jurisdiction is a matter of subject-matter jurisdiction. *Davis v. Arkansas Department of Health & Human Services*, 98 Ark. App. 275, 254 S.W.3d 762 (2007). The Uniform Child-Custody Jurisdiction and Enforcement Act (UCCJEA), which is codified in Arkansas Code Annotated sections 9-19-101 to -401 (Repl. 2009), provides the exclusive method for determining the proper forum in child-custody proceedings involving other jurisdictions. *Arkansas Department of Human Services v. Waugh*, 2015 Ark. App. 155, 457 S.W.3d 286. A child-custody proceeding under the UCCJEA includes proceedings for neglect, abuse, and termination of parental rights. Ark. Code Ann. § 9-19-102(4).

Appellant argues that, under the UCCJEA, Arkansas was not the home state of the children with jurisdiction to make an initial child-custody determination under section

9–19–201.  This statute provides as follows:

(a) Except as otherwise provided in § 9-19-204, a court of this state has jurisdiction to make an initial child-custody determination only if:

(1) this state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six (6) months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;

(2) a court of another state does not have jurisdiction under subdivision (a)(1) of this section, or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under § 9-19-207 or § 9-19-208, and:

> (A) the child and the child's parents, or the child and at least one (1) parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and

> (B) substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships;

(3) all courts having jurisdiction under subdivision (a)(1) or (2) of this section have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under § 9-19-207 or § 9-19-208; or

(4) no court of any other state would have jurisdiction under the criteria specified in subdivision (a)(1), (2), or (3) of this section.

(b) Subsection (a) of this section is the exclusive jurisdictional basis for making a child-custody determination by a court of this state.

(c) Physical presence of, or personal jurisdiction over, a party or a child is not necessary or sufficient to make a child-custody determination.

"Home state" means the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child-custody proceeding.  Ark. Code Ann. § 9-19-102(7).  Appellant argues that there was

SLIP OPINION

no clear evidence that the children had been in Arkansas for at least six months when they were taken into custody.

As we stated in *Davis*, *supra*, the first clause of section 9–19–201(a) makes it clear that the provisions of that section are applicable only if the provisions of section 9–19–204 are not. Section 9–19–204 addresses temporary emergency jurisdiction and provides in part as follows:

> (a) A court of this state has temporary emergency jurisdiction if the child is present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse.

> (b) If there is no previous child-custody determination that is entitled to be enforced under this chapter, and a child-custody proceeding has not been commenced in a court of a state having jurisdiction under §§ 9–19–201 — 9–19–203, a child-custody determination made under this section remains in effect until an order is obtained from a court of a state having jurisdiction under §§ 9–19–201 — 9–19–203. If a child-custody proceeding has not been or is not commenced in a court of a state having jurisdiction under §§ 9–19–201 — 9–19–203, a child-custody determination made under this section becomes a final determination, if it so provides and this state becomes the home state of the child.

In *Davis*, the appellant argued that the trial court erred in exercising jurisdiction beyond the initial emergency proceeding because the children had moved to Arkansas from Louisiana only four months before they were taken into custody. This court held that the UCCJEA did not require a trial court that had assumed temporary jurisdiction to return custody to a parent where there was no competing custody order. Because there was no credible evidence of a custody order or a current custody proceeding in Louisiana, we held that the provisions of Arkansas Code Annotated section 9–19–204(b) applied, and Arkansas then became the home state of the children. We concluded that the trial court acted correctly when it continued to exercise subject-matter jurisdiction in the case and that such

SLIP OPINION

jurisdiction existed when the termination order was entered.

Here, appellant concedes that the trial court had jurisdiction to enter the order for emergency custody under section 9-19-204. As in *Davis*, there was no evidence of a previous child-custody determination. A child-custody proceeding had been commenced in Mississippi (the guardianship petition), but it was not a child-custody proceeding commenced "in a court of a state having jurisdiction under §§ 9-19-201 — 9-19-203."[1] The guardianship petition was filed in February 2015. At that time, the children had been in Arkansas, first with their mother, then in the custody of DHS, for well over a year. Thus, Mississippi was not the home state of the children in February 2015 or within six months before February 2015. Arkansas had become the home state of the children, and as a result, Mississippi did not have jurisdiction under §§ 9-19-201 to -203 in February 2015. As there was no previous child-custody determination and no child-custody proceeding had been commenced in a court of a state with jurisdiction, the provisions of Arkansas Code Annotated section 9-19-204(b) applied, and Arkansas subsequently became the home state of the children before the termination proceeding was commenced. Thus, we hold that the trial court had jurisdiction under the UCCJEA to terminate appellant's parental rights.

Affirmed.

GRUBER and HIXSON, JJ., agree.

---

[1] Arkansas Code Annotated section 9-19-202 provides for exclusive, continuing jurisdiction of a court of this state which has made a child-custody determination. Section 9-19-203 governs jurisdiction of a court of this state to modify a child-custody determination made by a court of another state.



*Leah Lanford*, Arkansas Public Defender Commission, for appellant.

*Mischa K. Martin*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by:  *Keith L. Chrestman*, attorney ad litem for minor children.