Cite as 2022 Ark. App. 182

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-21-552

| | |
|---|---|
| | Opinion Delivered April 27, 2022 |
| MACARENA TREVINO<br>APPELLANT | APPEAL FROM THE ST. FRANCIS COUNTY CIRCUIT COURT [NO. 62JV-19-65] |
| V. | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN | HONORABLE KATHIE HESS, JUDGE |
| APPELLEES | AFFIRMED |

## BRANDON J. HARRISON, Chief Judge

Macarena Trevino appeals the termination of her parental rights to her three children. She asserts that the circuit court did not have subject-matter jurisdiction, so its decision should be reversed. We disagree with Trevino's argument and affirm.

On 15 September 2019, police initiated a traffic stop on a vehicle driven by Trevino after the vehicle was observed speeding. Police found a gas can in the front seat, and two of the three children (ages two, four, and five) in the car were not wearing seat belts. Police searched the vehicle and found 22 one-pound bundles of methamphetamine in the gas tank. Macarena denied knowledge of the drugs and stated that she had been to Mexico to visit her boyfriend and was now traveling from Mexico to West Virginia to visit her brother.

Trevino was charged with drug trafficking and three counts of endangering the welfare of a minor, among other charges. The Arkansas Department of Human Services

(DHS) was notified and exercised an emergency seventy-two-hour hold of the children; on 19 September 2019, DHS petitioned the circuit court for emergency custody of the children, which was granted. The affidavit filed with the petition listed Trevino's address as 863 Clark Street in Donna, Texas; DHS identified Norma Rodriguez, the maternal grandmother, at that same address.[1]

The probable-cause order, entered on September 24, directed DHS to complete an expedited home study "on the grandmother or aunt in Texas" according to the Interstate Compact on the Placement of Children (ICPC), codified at Ark. Code Ann. §§ 9-29-201 to -208 (Repl. 2020). The court also entered an order for an expedited placement decision under Regulation 7 of the ICPC. That order identified Leticia Trevino, the children's aunt, and Norma Rodriguez, the maternal grandmother, as possible placements.

On December 10, the court adjudicated the children dependent-neglected due to "gun discharge and domestic violence in the home."[2] The court found that there was not a noncustodial parent who was a legal parent of the children and that Trevino was currently being held in a federal detention facility. The court reviewed the case on 28 January 2020 and found that there was an approved ICPC home study on Norma Rodriguez. The court placed the children with Rodriguez and noted that "Arkansas will retain jurisdiction and responsibility for services for juvenile until such time as the state of Texas approves permanent placement." The review order noted that Trevino was currently incarcerated in

---

[1]The maternal grandmother is sometimes referred to as Norma Trevino in the record; however, to avoid confusion, this opinion will identify her as Rodriguez.

[2]It is not clear from the record what led to this basis for adjudication.

the West Tennessee State Correctional Facility but was scheduled to be released soon and was expected to return to Texas. A second review order in May found that temporary custody with Norma Rodriguez continued to be in the children's best interest and that Trevino was incarcerated in Jackson County, Arkansas with no release date noted.

In October 2020, the circuit court convened a permanency-planning hearing and changed the goal of the case to adoption. According to the permanency-planning order, Trevino had testified that she wanted her mother to adopt her children and that she understood her parental rights would be terminated. The court reviewed the case again in February 2021; it found that Trevino had recently been sentenced to ten years' imprisonment in a federal prison and that the children's placement with the maternal grandmother had been revoked by Texas authorities because of "issues in the home."

On 14 May 2021, DHS filed a petition to terminate Trevino's parental rights. The circuit court convened a termination hearing on 10 August 2021. After receiving testimony from the DHS caseworker and Trevino, the circuit court ruled that statutory grounds for termination had been proved and that termination was in the children's best interest. The court entered its written order on August 20, and Trevino has timely appealed.

On appeal, Trevino asserts that the circuit court lacked subject-matter jurisdiction because Arkansas was not the children's home state as defined by the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), codified at Ark. Code Ann. §§ 9-19-101 to -401 (Repl. 2020).[3] The UCCJEA provides the exclusive method for

---

[3]Trevino acknowledges that she never questioned the circuit court's jurisdiction below, but a challenge to subject-matter jurisdiction can be raised at any time, including for

3

determining the proper forum in child-custody proceedings involving other jurisdictions. *Ark. Dep't of Hum. Servs. v. Waugh*, 2015 Ark. App. 155, 457 S.W.3d 286. A child-custody proceeding under the UCCJEA includes proceedings for neglect, abuse, and termination of parental rights. Ark. Code Ann. § 9-19-102(4).

An Arkansas court has jurisdiction to make an initial child-custody determination if this state is the home state of the child on the date of the commencement of the proceedings. Ark. Code Ann. § 9-19-201(a)(1). By definition of law, a "home state" is "the state in which the child lived with a parent or a person acting as a parent for at least six (6) consecutive months immediately before the commencement of a child-custody proceeding." Ark. Code Ann. § 9-19-102(7). An Arkansas court may also exercise temporary emergency jurisdiction as described by § 9-19-204:

> (a) A court of this state has temporary emergency jurisdiction if the child is present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse.

> (b) If there is no previous child-custody determination that is entitled to be enforced under this chapter, and a child-custody proceeding has not been commenced in a court of a state having jurisdiction under §§ 9-19-201 — 9-19-203, a child-custody determination made under this section remains in effect until an order is obtained from a court of a state having jurisdiction under §§ 9-19-201 — 9-19-203. If a child-custody proceeding has not been or is not commenced in a court of a state having jurisdiction under §§ 9-19-201 — 9-19-203, a child-custody determination made under this section becomes a final determination, if it so provides and this state becomes the home state of the child.

> (c) If there is a previous child-custody determination that is entitled to be enforced under this chapter, or a child-custody proceeding has been

the first time on appeal. *See Bolden v. Ark. Dep't of Hum. Servs.*, 2018 Ark. App. 218, 547 S.W.3d 129 (explaining that with the notable exception of matters involving subject-matter jurisdiction, we will not consider an issue raised for the first time on appeal).

commenced in a court of a state having jurisdiction under §§ 9-19-201 — 9-19-203, any order issued by a court of this state under this section must specify in the order a period that the court considers adequate to allow the person seeking an order to obtain an order from the state having jurisdiction under §§ 9-19-201 — 9-19-203. The order issued in this state remains in effect until an order is obtained from the other state within the period specified or the period expires.

(d) A court of this state which has been asked to make a child-custody determination under this section, upon being informed that a child-custody proceeding has been commenced in, or a child-custody determination has been made by, a court of a state having jurisdiction under §§ 9-19-201 — 9-19-203, shall immediately communicate with the other court. A court of this state which is exercising jurisdiction pursuant to §§ 9-19-201 — 9-19-203, upon being informed that a child-custody proceeding has been commenced in, or a child-custody determination has been made by, a court of another state under a statute similar to this section shall immediately communicate with the court of that state to resolve the emergency, protect the safety of the parties and the child, and determine a period for the duration of the temporary order.

Arkansas Code Annotated section 9-19-209 describes how to inform the circuit court of any other proceedings concerning the children:

(a) In a child-custody proceeding, each party, in its first pleading or in an attached affidavit, shall give information, if reasonably ascertainable, under oath as to the child's present address or whereabouts, the places where the child has lived during the last five (5) years, and the names and present addresses of the persons with whom the child has lived during that period. The pleading or affidavit must state whether the party:

(1) has participated, as a party or witness or in any other capacity, in any other proceeding concerning the custody of or visitation with the child and, if so, identify the court, the case number, and the date of the child-custody determination, if any;

(2) knows of any proceeding that could affect the current proceeding, including proceedings for enforcement and proceedings relating to domestic violence, protective orders, termination of parental rights, and adoptions and, if so, identify the court, the case number, and the nature of the proceeding; and

(3) knows the names and addresses of any person not a party to the proceeding who has physical custody of the child or claims rights of legal custody or physical custody of, or visitation with, the child and, if so, the names and addresses of those persons.

. . . .

(d) Each party has a continuing duty to inform the court of any proceeding in this or any other state that could affect the current proceeding.

Trevino asserts that the record shows she lived in Texas, that she had legal and physical custody of the children, and that she was only driving through Arkansas when she was stopped by law enforcement and the children were removed from her custody. The children did not reside in Arkansas for six months prior to the opening of this case, and under § 9-19-201(c), the children's presence in the state was not sufficient to make a child-custody determination. She does not dispute the circuit court's ability to protect children in an emergency situation, but she contends that Arkansas should have immediately sought to transfer this case to Texas, as it was the children's home state. Because Arkansas was not the children's home state, the circuit court lacked subject-matter jurisdiction.

In response, DHS notes that the only supporting evidence for Trevino's argument that Texas is the children's home state is that she provided DHS with a Texas address on the day of removal and that this address was included in subsequent orders. There was no evidence that this address was really Trevino's address or that she had been living there with the juveniles for six consecutive months—a fact that is required for consideration as a "home state" under the UCCJEA. Further, the circuit court exercised emergency jurisdiction in this case under the UCCJEA, and because there was no evidence of any custody order from

6

any other state demonstrating jurisdiction, the circuit court's emergency jurisdiction continued to the termination hearing.

DHS is correct that there is no evidence in the record indicating that another custody order or current custody proceeding existed with respect to these children. No competing custody order was ever identified in accordance with Ark. Code Ann. § 9-19-209. Trevino does not contest that the circuit court had valid temporary emergency jurisdiction, and the UCCJEA does not require a circuit court that has assumed temporary jurisdiction to return custody to a parent where there is no competing custody order. Here, in the absence of any competing custody order or petition in Texas or any other state, the provisions of Ark. Code Ann. § 9-19-204(b) applied, and Arkansas then became the home state of the three children. We hold that the circuit court did not err in continuing to exercise subject-matter jurisdiction in this case and that such jurisdiction existed when the termination order was entered.

Affirmed.

ABRAMSON and GRUBER, JJ., agree.

*Jennifer Oyler Olson*, Arkansas Commission for Parent Counsel, for appellant.

*Ellen K. Howard*, Ark. Dep't of Human Services, Office of Chief Counsel, for appellee.

*Dana McClain*, attorney ad litem for minor children.

7