## Jim McDONALD *v.* STATE of Arkansas

CR 04-719                                         191 S.W.3d 538

Supreme Court of Arkansas
Opinion delivered September 16, 2004

*The Lisk Firm*, by: *Lynn D. Lisk*, for appellant.

No response.

PER CURIAM. Appellant, Jim McDonald, entered a plea of guilty to a rape charge and was sentenced to life imprisonment by a jury in the Carroll County Circuit Court. Mr. Lynn D. Lisk of The Lisk Firm represented appellant at the trial level during both phases. Mr. Lisk also filed a motion to reduce the sentence to a term of years, and that motion was denied by the trial court.

On July 7, 2004, Mr. Lisk filed a motion with our court to be relieved as counsel and for appointment of new counsel. In his motion, Mr. Lisk argues that he has recently taken another job that would prevent him from representing appellant. He also argues that "[a]ppellant has been recognized as indigent by the trial court," but Mr. Lisk failed to file an accompanying affidavit of indigency. He further states that he and his client have a "potential conflict of interest[.]" Mr. Lisk requests that we relieve him as appellant's counsel and appoint new counsel to represent appellant in his direct appeal.

From our review of the matter, it appears that Mr. Lisk may have been retained after appellant's indigency status was determined, although we do not have an order as to that status, and it appears that someone other than the State has paid for the record. Because Mr. Lisk has not provided proof of appellant's indigency status, and because that determination is essential to our consideration of the matter, we remand the motion for the trial court to determine whether appellant is indigent.

The burden of establishing indigency is on the person claiming indigency status. In considering whether a person is indigent, which is a mixed question of fact and law, some of the factors to be considered are: (1) income from employment and governmental programs such as social security and unemployment benefits; (2) money on deposit; (3) ownership of real and personal property; (4) total indebtedness and expense; (5) the number of persons dependent on the petitioner for support; (6) the able-bodiedness and the level of education of the petitioner; and (7) whether the petitioner is in a position to obtain gainful employment. *See Hill v. State*, 305 Ark. 193, 805 S.W.2d 651 (1991).

Mr. Lisk's motions are denied without prejudice. The trial court is directed to enter its order concerning whether appellant is indigent within thirty days of this opinion. Once that determination is made, Mr. Lisk may re-file an appropriate motion.