

# SUPREME COURT OF ARKANSAS

No. CV–13–399

| | |
|---|---|
| | **Opinion Delivered:** February 13, 2014 |
| CHRISTOPHER CORDERO | |
| APPELLANT | APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT |
| V. | [NO. JV-2010-288] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES | HONORABLE BARBARA ELMORE, JUDGE |
| APPELLEE | <u>AFFIRMED</u>. |

**JOSEPHINE LINKER HART, Associate Justice**

Christopher Cordero appeals from an order of the Lonoke County Circuit Court finding that he was not indigent for the purpose of receiving appointed appellate counsel. On appeal, Cordero argues that the circuit court erred in finding that he was not indigent. We affirm.

The parental rights of Cordero, the putative father of J.C., were terminated by the Lonoke County Circuit Court by an order entered on February 5, 2013. On February 21, 2013, Cordero filed a "Motion for Determination of Indigency for Purpose of Appointed Appellate Counsel."[1] Cordero's indigency motion was heard on February 26, 2013. That same day, Cordero filed a notice of appeal from the order terminating his parental rights.

Cordero did not appear, but he was represented by his trial counsel. Cordero rested

---

[1] We are mindful that Arkansas Supreme Court Rule 6–9(b)(2) requires that a motion asserting indigency must be filed within fourteen days of entry of the order appealed from. However, this requirement is not jurisdictional.



on an unsworn document that purported to be an affidavit[2] that his trial counsel had filed along with his motion. The document asserted that Cordero's monthly take-home pay was $900 and that he had the following expenses: rent: $300, food: $100, utilities: $150, vehicle expenses: $200. The attorney ad litem opposed Cordero's motion. In her response, she asserted that Cordero's document contradicted his January 8, 2013 hearing testimony, in which he claimed he had a monthly income of $2100, and a home study, which was filed along with the response, in which he claimed a monthly income of $1700.

At the hearing on Cordero's motion, the attorney for ADHS argued that Cordero gave sworn testimony at the termination hearing that he was earning $2100 per month. The attorney ad litem agreed with ADHS on Cordero's indigency and noted further that Cordero claimed he was earning $1700 per month in his home study. The attorney ad litem asserted that the home study had been admitted into evidence at the termination hearing, and asked that a photocopy of the page on which Cordero stated that he was earning $1700 per month be admitted into evidence. Cordero's trial counsel expressly declined to object to the admission of the document. Additionally, the attorney ad litem asserted that Cordero's testimony at the termination hearing was that he "made even more than that."

The circuit court noted that Cordero's affidavit was not sworn to, and, without objection, took judicial notice that Cordero testified at the January 8, 2013 termination

---

[2]An affidavit is defined as a written statement affirmed or sworn to by some person legally authorized to administer an oath or affirmation. *Wetzel v. Mortg. Elec. Registration Sys., Inc.*, 2010 Ark. 242.

SLIP OPINION

hearing that he made $2100 per month. The circuit court denied Cordero's motion for indigency. Cordero filed a notice of appeal.

The burden of establishing indigency is on the person claiming indigency status. *McDonald v. State*, 358 Ark. 434, 191 S.W.3d 538 (2004). Whether a person is indigent is a mixed question of law and fact. *Id.* In dependency-neglect proceedings, the circuit court is directed to use the federal poverty guidelines in determining indigency. Ark. Sup. Ct. R. 6-9(b)(2)(B). On appeal, the standard of review is whether the trial court abused its discretion in finding that petitioner was not indigent. *Burmingham v. State*, 342 Ark. 95, 27 S.W.3d 351 (2000).

On appeal, Cordero argues that the circuit court abused its discretion in finding him not indigent because it made a mistake of fact. He asserts that "the sole basis" on which the circuit court relied for its ruling, judicial notice of termination-hearing testimony that he was earning $2100 per month, "does not exist." He points to the termination-hearing record to note that alleged testimony concerning his monthly earnings was untrue. Cordero contends that this court could reverse and remand this case to the trial court to redetermine his indigency, but invites us to undertake that task ourselves. He asserts that the highest earnings figure "supported by the appellate record," is the $1700 per month reflected in the home study. Cordero argues that $1700 in monthly income did not represent sufficient "disposable income" when compared to the federal poverty guidelines after he made a number of notional deductions. We find this argument unpersuasive.

While the termination-hearing transcript demonstrates that there was no testimony

by Cordero that he earned $2100 per month, we find this fact to be of no moment.[3] Our review is limited to the evidence that was before the circuit court at the indigency hearing. Cordero sought to prove his entire case with an unsworn document. The fact that the document that he claimed was an affidavit was unsworn was duly noted by the circuit court. At the same time, the circuit court relied, without objection, on what it thought was termination-hearing testimony. Evidence placed in the record by judicial notice is still evidence. *See* Ark. R. Evid. 201. Pursuant to Rule 201(e), Cordero had the opportunity to be heard on this matter, but did not object. Accordingly, while the recollection of the circuit court judge—and the attorney ad litem—proved to be inaccurate, we have before us nothing more than the type of spurious evidence that our adversarial system of justice should have prevented, but the failure of Cordero's trial counsel to object allowed it to be admitted. Moreover, we emphasize that Cordero bore the burden of proving that he was indigent, and he did nothing more than submit an unsworn document. Under these circumstances, we cannot say that the circuit court abused its discretion in finding that Cordero was not indigent.

Affirmed.

*Leah Lanford*, Arkansas Public Defender Commission, for appellant.

*Tabitha Baertels McNulty*, Office of Policy and Legal Services, for appellee.

*Chrestman Group, PLLC*, by: *Keith Chrestman*, attorney ad litem for minor child.

---

[3]We note that while Cordero did not actually testify to a sum certain that he was earning per month, he stated that he was doing better financially than when he underwent his home study. Further, he testified that he would be living rent free with a girlfriend, in a dwelling owned by the girlfriend's parents.