

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-15-604

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** February 3, 2016 |
| MARKITA BELL | | APPEAL FROM THE SEBASTIAN |
| | APPELLANT | COUNTY CIRCUIT COURT, |
| | | FORT SMITH DISTRICT |
| V. | | [NO. JV-2013-582] |
| | | |
| | | HONORABLE ANNIE HENDRICKS, |
| ARKANSAS DEPARTMENT OF HUMAN | | JUDGE |
| SERVICES AND MINOR CHILDREN | | |
| | APPELLEES | AFFIRMED |

## LARRY D. VAUGHT, Judge

Appellant Markita Bell appeals the order of the Sebastian County Circuit Court denying her motion for indigency for the purpose of receiving appointment of appellate counsel. She contends that the trial court abused its discretion in denying the motion. We affirm.

On May 27, 2015, an order terminating Bell's parental rights was entered. Thereafter, on June 9, 2015, Bell moved for an indigency hearing, claiming that while she desired to appeal the termination decision, she lacked the financial resources to employ an attorney to represent her. Attached to her motion was her affidavit stating that she was not employed; she supported her mother who lived with her; she received $831 in monthly Social Security SSI benefits; she received monthly income of $600–$700 for her work as a hair stylist; and she had monthly expenses of $755 (rental expenses of $300, food expenses of $175, utility expenses of $120, and transportation expenses of $160).

SLIP OPINION

At the June 15, 2015 indigency hearing, Bell testified that she received $831 monthly in Social Security benefits. She further testified that she lived with her mother, but did not support her, and that she split rent, food, and utility expenses with her mother. Bell also conceded that the utility expenses listed on her affidavit were incorrect, stating that her monthly electric bill was actually $150–$200 and her monthly water bill was $100–$120. At one point she testified that her monthly food expense was $75, but she later stated that it could have also been $175. Bell testified that the transportation expenses listed on the affidavit were incorrect because her car had been repossessed two weeks prior. Without a vehicle, she said that her monthly transportation expenses were $65–$0. Bell also admitted, that at the termination hearing, she testified that she earned $600–$700 per month as a hair stylist. However, she contended that her income as a hair stylist varied and that she made only $200 in May and nothing in June.

Appellee Arkansas Department of Human Services (DHS) opposed Bell's motion, arguing that her testimony at the indigency hearing was not consistent with her testimony at the termination hearing or in her sworn affidavit. DHS argued that the inconsistencies called Bell's credibility into question. DHS also argued that the evidence presented demonstrated that Bell's income was above the federal guidelines for poverty. The attorney ad litem also opposed the motion, arguing that Bell's testimony demonstrated that she was not indigent.

The trial court denied Bell's indigency motion from the bench. The court stated that its decision was based on the 2015 United States Federal Poverty Guidelines, the testimony and demeanor of Bell, and her affidavit. The trial court found that Bell's testimony was inconsistent with her affidavit. The trial court later entered an order denying Bell's motion:

> This Court finds that Markita Bell is not indigent based on the evidence related to Markita Bell's income, expenses, and circumstances, and this Court [finds] that Markita Bell makes more than the applicable federal poverty guideline amount of $11,770 per year and that Markita Bell was not being honest in stating her financial information—especially given the discrepancies between Markita Bell's testimony and her sworn affidavit of indigency.

Bell moved for reconsideration. This motion was deemed denied. Bell timely appealed.

On appeal, Bell contends that the trial court abused its discretion in denying her motion for indigency because it improperly relied on her expected income, rather than her actual income, and it acted arbitrarily when it found that discrepancies between her affidavit and her hearing testimony diminished her credibility.

The burden of establishing indigency is on the person claiming indigency status. *Cordero v. Ark. Dep't of Human Servs.*, 2014 Ark. 64, at 3. Whether a person is indigent is a mixed question of law and fact. *Id.* In dependency-neglect proceedings, the trial court is directed to use the federal poverty guidelines in determining indigency. *Id.* (citing Ark. Sup. Ct. R. 6-9(b)(2)(B)). On appeal, the standard of review is whether the trial court abused its discretion in finding that the petitioner was not indigent. *Id.* Abuse of discretion is "a high threshold that does not simply require error in the trial court's decision but requires that the trial court acted improvidently, thoughtlessly, or without due consideration." *Kapach v. Carroll*, 2015 Ark. App. 466, at 4, 468 S.W.3d 801, 804.

According to the applicable federal poverty guidelines, a single person is not considered "in poverty" unless the person receives less than $11,770 in annual income. Annual Update of the HHS Poverty Guidelines, 80 Fed. Reg. 3236-03 (Jan. 22, 2015). Bell admitted that at the termination hearing (when she was fighting for custody of her child), she testified that her actual monthly income was $831 from Social Security and an additional

$600–$700 from working as a hair stylist. Her annual income, based on her testimony at the termination hearing, would range from $17,172–$18,372, which is greater than the poverty guidelines and supports the trial court's finding.

Bell's subsequent indigency affidavit contained the same income figures that she testified to at the termination hearing, but she wrote on the affidavit that her hair-styling income was "not consistent." At the indigency hearing, Bell claimed that her monthly hair-styling income ranged from $0 to $700. In response to questioning by the trial court on this issue, Bell stated that she had not earned any hair-styling income in June 2015 because she was depressed and had not had any clients. However, the trial court did not believe Bell's testimony. The trial court, noting Bell's demeanor and the discrepancies between her hearing testimony and her affidavit, specifically found that she "was not being honest in stating her financial information." The record supports this finding.

Bell's affidavit stated that she supported her mother, but her indigency-hearing testimony was that she and her mother (who had her own job and income) split expenses. Bell's affidavit, which she signed on June 8, 2015, listed monthly transportation expenses of $160. A week later at the indigency hearing, she testified that her vehicle had been repossessed two weeks prior and that her monthly transportation expense had been reduced to $65–$80. Based on this testimony, when Bell signed the affidavit listing the $160 transportation expense, her vehicle had already been repossessed. Her affidavit also stated that she had food expenses of $175 and utility expenses of $120. But at the indigency hearing, she testified at one point that her monthly food expenses were $75 and at another point she said that they were $175. She testified at the hearing that her monthly utilities,

which she split with her mother, ranged between \$250–\$320. Finally, Bell's testimony concerning her hair-styling income changed depending on the context in which it was given. At the termination hearing, she testified that she earned \$600–\$700 styling hair. In her indigency affidavit, she stated that the \$600–\$700 figure was "not consistent." And at the indigency hearing, she testified that she had made \$200 styling hair in the past two months.

In sum, Bell had the burden of proving her indigency. Based on the evidence she presented and the federal poverty guidelines, the trial court found that she was not indigent. Additionally, the trial court discounted Bell's testimony of limited finances based on its finding that she was not credible. We give due deference to the credibility determinations made by the trial court. *Painter v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 602, at 2. Because the trial court did not act "improvidently, thoughtlessly, or without due consideration," *Kapach*, 2015 Ark. App. 466, at 4, 468 S.W.3d at 804, we hold that it did not abuse its discretion in denying the motion for indigency and affirm.

Affirmed.

HARRISON and HIXSON, JJ., agree.

*Leah Lanford*, Arkansas Public Defender Commission, for appellant.

*Jerald A. Sharum*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor child.