Cite as 2019 Ark. App. 453

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CV-19-205

| | |
|---|---|
| NIKITA MAHONEY | **OPINION DELIVERED:** OCTOBER 16, 2019 |
| APPELLANT | |
| | APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT [NO. 43JV-17-128] |
| V. | |
| | HONORABLE BARBARA ELMORE, JUDGE |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN | |
| APPELLEES | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## ROBERT J. GLADWIN, Judge

In this appeal from the circuit court's order denying her motion to be declared indigent, Nikita Mahoney argues that the circuit court abused its discretion. We affirm.[1]

The Lonoke County Circuit Court terminated Mahoney's parental rights to her four children by order filed October 25, 2018. Mahoney filed a motion for a finding of indigency that alleged her monthly expenses exceeded her monthly income. Attached to the motion was an affidavit in support of her request to proceed in forma pauperis, and it stated that she had a job making $1400 a month. The attorney ad litem for the minor children responded and argued that the standard used to determine if a parent is indigent is not whether the parent's monthly expenses exceed the parent's monthly income; instead, the standard is the

---

[1]Mahoney's counsel filed a motion to be relieved in this court on July 11, 2019, and we hereby grant counsel's motion.

federal poverty guidelines for 2018. The ad litem stated that the poverty income level is $1012 a month and argued that Mahoney's $1400 exceeds the poverty level.

Although no hearing was held on Mahoney's motion, she had testified at the termination hearing that she works at Southridge Village Nursing and Rehab making $630 every two weeks. She said that when she picks up a shift like she had done the weekend before, her check is "somewhere between $750 and $800." She said that her monthly expenses include rent, $456; electricity, $120; water, $28; gas, $22.75; telephone, $45; and $100 in fines.

The circuit court denied Mahoney's motion by order filed November 6, 2018, finding that her income exceeded the federal poverty guidelines of "$12,060 per month."[2] Mahoney filed a notice of appeal on November 14, 2018, and this appeal followed.

> The burden of establishing indigency is on the person claiming indigency status. *Cordero v. Ark. Dep't of Human Servs.*, 2014 Ark. 64, at 3. Whether a person is indigent is a mixed question of law and fact. *Id*. In dependency-neglect proceedings, the trial court is directed to use the federal poverty guidelines in determining indigency. *Id*. (citing Ark. Sup. Ct. R. 6-9(b)(2)(B)). On appeal, the standard of review is whether the trial court abused its discretion in finding that the petitioner was not indigent. *Id*. Abuse of discretion is "a high threshold that does not simply require error in the trial court's decision but requires that the trial court acted improvidently, thoughtlessly, or without due consideration." *Kapach v. Carroll*, 2015 Ark. App. 466, at 4, 468 S.W.3d 801, 804.

*Bell v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 72, at 3, 482 S.W.3d 728, 729–30.

---

[2]As noted by Mahoney, the federal poverty guideline for 2018 is $12,140 in yearly income for a single individual, rather than $12,060 as stated in the circuit court's order. The court's order also incorrectly states "per month" rather than "annually." Accordingly, the monthly income for poverty status is $1,011 a month for 2018. *See* https://aspe.hhs.gov/2018-poverty-guidelines.

Mahoney argues that she was not given a full and complete opportunity to reach her burden of proof because the circuit court denied her indigency request without a hearing on the matter and, therefore, did not take her complete financial situation into consideration before denying her request. She contends that it was an abuse of discretion for the trial court to "arbitrarily determine a parent's indigency without taking the parent's complete financial picture into account."

The federal poverty guidelines reflect that to be indigent, Mahoney needed to make less than $1,011 a month. Here, Mahoney's affidavit states that her income is $1400 a month. Even considering Mahoney's testimony at the termination-of-parental-rights hearing, her expenses did not exceed her income. Thus, Mahoney failed to meet her burden of proof, and the circuit court's denial was not an abuse of discretion.

Affirmed; motion to withdraw granted.

ABRAMSON and WHITEAKER, JJ., agree.

*N.D. Lewis Law Firm, PLLC*, by: *Nathan D. Lewis*, for appellant.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor children.