Cite as 2021 Ark. App. 234

# ARKANSAS COURT OF APPEALS
### DIVISION IV
### No. CV-20-695

| | |
|---|---|
| ELIZABETH GARNER | **Opinion Delivered:** May 12, 2021 |
| APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. 66FJV-18-427] |
| V. | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES | HONORABLE R. GUNNER DELAY, JUDGE |
| APPELLEE | REVERSED AND REMANDED |

## STEPHANIE POTTER BARRETT, Judge

Elizabeth Garner's parental rights to her daughter, PG, were terminated by the Sebastian County Circuit Court. After the termination order was entered, Garner filed a motion for indigency determination, notifying the circuit court of her intention to appeal the termination decision, stating that the circuit court had previously determined she was indigent, and requesting that she be determined to be indigent for purposes of appeal. On November 2, 2020, the circuit court held a hearing on Garner's motion and determined that she was not indigent for purposes of appeal.[1] This court ordered the clerk to bifurcate

---

[1]Although Garner was previously determined to be indigent, Ark. Sup. Ct. R. 6-9(b)(2)(A) requires the appellant to "seek a re-determination of indigency for purposes of appeal" and requires submission of a new affidavit on which to determine indigency for the purpose of appeal. The TPR order made the finding, "The Court relieves DeeAnna Weimar as attorney for Elizabeth Garner after the time for appeal has run should no appeal be filed." Weimar filed a notice of appeal. Weimar filed a petition for Garner to proceed in forma pauperis, which was denied by order of this court on January 6, 2021. Weimar filed a motion to be relieved as counsel on January 15, 2021; this motion was denied by this

the appeal of the denial of indigency from the appeal of the termination of parental rights. This is the appeal from the circuit court's denial of indigency status for purposes of appeal. On appeal, Garner asserts the circuit court erred (1) in finding she was not indigent for purposes of appeal; (2) in its application of *Mahoney v. Arkansas Department of Human Services*, 2019 Ark. App. 453, and (3) in requiring counsel to continue to represent Garner without payment because it amounts to an unconstitutional taking. Because we find merit in Garner's first point, we reverse and remand for a new hearing on the question of Garner's indigency.

At the indigency hearing, pursuant to the requirement of Ark. Sup. Ct. R. 6-9(b)(2)(B) (2020) that the circuit court use the federal poverty guidelines in making its indigency determination, the circuit court entered an exhibit showing that the 2020 poverty guideline for a household of one was $12,760.[2] The circuit court also introduced as an exhibit a transcript of seventy-ones pages from the August 18, 2020 termination hearing that included Garner's testimony regarding her income.

Garner testified at the hearing that she was no longer making the $14,700 she reported making in 2018 at the termination hearing because she was now unemployed and receiving $528 a month in unemployment benefits. Garner said that she had received

court on January 27, 2021. Arkansas Supreme Court Rule 6-9(b)(2)(C) states, in pertinent part, "Trial counsel for indigent parents or custodians shall not be relieved as counsel for purpose of appeal until relieved by the Public Defender Commission as provided in Rule 6-10(c)," which requires trial counsel to serve the Commission with a file-marked copy of the notice of appeal and the orders being appealed within three business days of filing the notice of appeal with the circuit clerk.

[2]The record is unclear as to the actual number of persons in Garner's household for purposes of indigency determination.

between $7,000 and $8,000 in August and September 2020 as back pay of her unemployment benefits, but she had used that money to pay bills and now currently had only $300 to $400 in her checking account. She admitted that she did not pay rent and claimed that she spent $128 a month on food.

In determining Garner was not indigent, the circuit court noted that it was directed to use the federal poverty guidelines in arriving at a decision, and it stated that Garner's testimony was inconsistent and lacked credibility. The court specifically found that it did not believe Garner only had $300 to $400 left of the $7,000 to $8,000 she had in September 2020. The circuit court determined that Garner's income from February 2020 to October 2020 was $12,840 (seventeen weeks of unemployment benefits at $600 a week plus five months at $528 a month). Garner's counsel questioned if the circuit court was going to deny an indigency determination for an $80 overage noting that the circuit court had the discretion to grant or deny it. The circuit court stated that it was a bright-line rule to qualify for indigency, and although it was a small amount over the poverty guideline, it was sticking by the threshold and denying the petition for indigency. In its order denying Garner's request to be declared indigent, the circuit court found that under the federal poverty guidelines, the threshold amount for one person was $12,760, that Gamer received income of $12,840, and under the bright-line rule, Garner was not indigent.

The burden of establishing indigency is on the person claiming indigency status. *Cordero v. Ark. Dep't of Human Servs.*, 2014 Ark. 64. Whether a person is indigent is a mixed question of law and fact. *Id.* On appeal, the standard of review is whether the circuit court abused its discretion in finding that the petitioner was not indigent. *Bell v. Ark. Dep't of*

3

*Human Servs.*, 2016 Ark. App. 72, 482 S.W.3d 728. Abuse of discretion requires that the circuit court act improvidently, thoughtlessly, or without due consideration. *Id.* Our appellate courts give due deference to the credibility determinations made by the circuit court. *Id.*

In her first point, Garner contends that the circuit court erred in finding she was not indigent because it improperly calculated her income and because it found that there was a bright-line rule for indigency determination. While the circuit court is required by our court rules to use the federal poverty guidelines in making its indigency determination, we have not adopted a bright-line rule that any amount over those guidelines, regardless of any other factors specific to the circumstances of the case being considered, automatically preclude a person from being determined to be indigent. "When a decision is within the discretion of the trial court, the trial court abuses that discretion by failing to exercise it." *Lawrence v. Barnes*, 2010 Ark. App. 231, at 13, 374 S.W.3d 224, 232 (citing *Gullahorn v. Gullahorn*, 99 Ark. App. 397, 260 S.W.3d 744 (2007)). Because the circuit court failed to exercise its discretion in determining the question of Garner's indigency, we reverse its determination and order. Furthermore, because of the passage of time that might allow for a change of circumstances, we order that a new hearing on Garner's current indigency status be held. Due to our disposition of Garner's first point, it is not necessary to address Garner's second and third points on appeal. The stay regarding Garner's appeal of the termination of her parental rights is continued until the issue of Garner's indigency has been determined by the circuit court.

Reversed and remanded.

GLADWIN and HIXSON, JJ., agree.

*Weimar Law Office*, by: *DeeAnna Weimar*, for appellant.

*Callie Corbyn*, Ark. Dep't of Human Services, Office of Chief Counsel, for appellee.

D*ana McClain*, attorney ad litem for minor child.