J-S52002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JASON HOOVER SENSENIG, | |
| Appellant | No. 141 MDA 2018 |

Appeal from the Judgment of Sentence Entered November 30, 2017
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0000071-2017

BEFORE: BENDER, P.J.E., MCLAUGHLIN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED OCTOBER 22, 2018**

Appellant, Jason Hoover Sensenig, appeals from the judgment of sentence imposed after he pled guilty to one count of indecent assault of a person less than 13 years of age, 18 Pa.C.S. § 3126(a)(7). Appellant specifically challenges the trial court's imposition of a 10-year registration requirement pursuant to Megan's Law III, 42 Pa.C.S. §§ 9791-9799.9. After careful review, we vacate that aspect of Appellant's sentence, affirm the remainder of his judgment of sentence, and remand for further proceedings.

The trial court summarized the pertinent facts and procedural history of this case, as follows:

> The underlying facts, as acknowledged by [Appellant], are that between January 1, 2010 and December 31, 2011,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[Appellant], who was between the ages of fifteen (15) and seventeen (17), touched the vagina of the victim, who was between the ages of ten (10) and twelve (12). The victim did not disclose the sexual assault until 2016 and charges were not filed until [Appellant] was over the age of twenty-one (21). On May 23, 2017, [Appellant] pled guilty to indecent assault of a person less than thirteen (13) years of age. Sentencing was deferred pending an assessment by the Sexual Offender's Assessment Board, which determined that [Appellant] was not a sexually violent predator. Pursuant to the negotiated plea agreement, [Appellant] was sentenced on September 14, 2017[,] to a split-sentence of six (6) to twenty-three (23) months of house arrest and a consecutive three (3) years of probation.

Prior to sentencing, [Appellant] filed a motion on September 7, 2017[,] seeking to bar imposition of sexual offender registration requirements pursuant to the decision in [**Commonwealth v.**] **Muniz**[, 164 A.3d 1189, 1223 (Pa. 2017) (holding that the registration provisions under the Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.41, constitute criminal punishment for purposes of the *ex post facto* clause of the Pennsylvania Constitution and, therefore, those requirements cannot be constitutionally applied to offenders whose crimes occurred before SORNA's effective date)]. [Appellant's] motion was denied at the time of sentencing and he was ordered to comply with the lifetime reporting requirement applicable pursuant to SORNA. [Appellant] filed a post-sentence motion on September 20, 2017, which was granted, in part, on October 30, 2017[,] for the reasons stated within the Opinion and Order filed on that date. [Appellant] was resentenced on November 30, 2017[,] to the ten (10) year registration and reporting requirements that were in effect at the time [Appellant] committed the offense. A second post-sentence motion was filed by [Appellant] on December 7, 2017, which was denied by Order dated January 2, 2018.

Trial Court Opinion (TCO), 3/14/18, at 2-3 (footnotes omitted).

Appellant filed a timely notice of appeal, and he also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed its Rule 1925(a) opinion on March 14, 2018. Herein, Appellant raises three issues for our review:

I. Whether the lower court['s] … order[ing] [Appellant] to comply with the registration and notification requirements of 42 Pa.C.S.[] § 9799.51[,] when the predicate acts occurred when [Appellant] was less than 18 years of age[,] was unconstitutional[, as it] violat[ed] [Appellant's] due process rights by relying on an irrebuttable presumption?

II. Whether the imposition of the ten-year reporting requirements upon [Appellant] consistent with the provisions of 42 Pa.C.S.[] § 9799.51 is legal and constitutional *ex post facto* law?

III. Whether the lower court correctly required [Appellant] to register pursuant to 42 Pa.C.S.[] § 9799.51 when [Appellant] would not have been required to register i[f] [Appellant] had been adjudicated delinquent?

Appellant's Brief at 1 (unnecessary capitalization and emphasis omitted).

Appellant's issues are interrelated and, therefore, we will address them together. Appellant's claims all stem from the fact that he was a juvenile at the time he committed his offense, although he was ultimately prosecuted and convicted for that crime as an adult. He summarizes his arguments premised on this fact, as follows:

The imposition of the ten year reporting requirements of 42 Pa.C.S. § 9799.51 upon [Appellant,] who committed the predicate offense when he was less than 18 years of age[,] was illegal and unconstitutional for three separate reasons.

First, it violates his rights to due process by utilizing an irrebuttable presumption that juvenile sex offenders present a high risk of recidivism. ***See In the Interest of J.B.***, 107 A.3d 1 (Pa. 2014).

Second, the imposition of [a] ten year reporting requirement[] as allegedly made applicable upon [Appellant] by the provisions of 42 Pa.C.S.[] § 9799.51 is illegal and unconstitutional as it is violative of the prohibition against *ex post facto* laws contained in the United States and Pennsylvania Constitutions. ***Commonwealth v. Muniz***, 163 A.3d 1189, 1204 (Pa. 2017).

Finally, [had Appellant] … been prosecuted in a timely manner an[d] adjudicated delinquent, he would not have been subject to the registration provisions of SORNA. To require [Appellant,] who committed acts as a juvenile[,] to comply with the registration provisions[,] which would not have been applicable to him if [he] [w]as adjudicated delinquent[,] establishes a classification of offenders which lacks a rational basis. For this reason, [Appellant] is denied the equal protection of the laws under the Pennsylvania and United States Constitution[s.]

Appellant's Brief at 10.

We need not address Appellant's arguments, as we conclude, on a different basis, that the court's imposition of a 10-year reporting requirement under Megan's Law III cannot stand. Specifically, the Pennsylvania General Assembly passed SORNA, which "provided for the expiration of prior registration requirements commonly referred to as Megan's Law, 42 Pa.C.S. §§ 9791-9799.9, as of December 20, 2012, and for the effectiveness of SORNA on the same date." ***In the Interest of J.B.***, 107 A.3d 1, 3 (Pa. 2017). Additionally, Megan's Law III was also deemed unconstitutional by our Supreme Court in ***Commonwealth v. Neiman***, 84 A.3d 603, 607 (Pa. 2013), for violating the single-subject rule of Article III, Section 3 of the Pennsylvania Constitution. Consequently, Megan's Law III is no longer a statute under which registration requirements can be imposed.

Therefore, we vacate the court's November 30, 2017 judgment of sentence to the extent that it imposes a Megan's Law III registration requirement upon Appellant. We remand for the trial court to determine what,

if any, registration requirements apply to Appellant under the current law.[1] In all other respects, we affirm Appellant's judgment of sentence.

Judgment of sentence vacated in part and affirmed in part. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2018

---

[1] *See* Act of February 21, 2018, P.L. 27, No. 10 ("commonly referred to as Act 10"). Act 10 amended several existing provisions of SORNA and also added several new sections found at 42 Pa.C.S. §§ 9799.42, 9799.51-9799.75. While Appellant challenges the constitutionality of Act 10, we need not address those arguments because Act 10 was not applied in his case and, in any event, the Governor recently signed new legislation striking the Act 10 amendments and reenacting new SORNA provisions, effective June 12, 2018. *See* Act of June 12, 2018, P.L. 1952, No. 29. Accordingly, it is appropriate for the trial court to discern, in the first instance, what registration provisions apply in this case.